## No. 6083.

### Edward J. Gay & Co. vs. Charles Nicol, Sheriff, et al.

E. J. Gay & Co. have enjoined the sale of ten hogsheads of sugar seized in December, 1874, by a judgment creditor of William P. Burton, the lessee of the Arcola plantation. The injunction is on the ground that they are the owners of the sugar; that, by a verbal agreement in the early part of that year, made by them with Burton, with the knowledge and concurrence of Burton's lessor, they, at their own cost, cultivated the plantation that year as owners of the crops produced. The lease between Burton and his lessor was a notarial one, and recorded. E. J. Gay, under the verbal agreement with Burton, went on the plantation, took possession, and controlled its administration. Subsequently he constituted Burton his agent, representative, and manager, furnished all the supplies, and the whole crop was shipped to said Gay & Co.

It is necessary to allege fraud and simulation in order to introduce evidence to that effect.

The objection of the defendants, based on the ground that the verbal agreement between plaintiffs and Burton should, to affect third persons, have been reduced to writing and recorded, is of no weight in the present case. An incorporeal right only was transferred. The transfer was a lease—the right to E. J. Gay & Co. to cultivate the plantation that year for their own benefit. There was no debtor to give notice to as required by the Civil Code, article 2693, but the notice of the transfer was given to the lessor, and approved by him.

APPEAL from the Fifteenth Judicial District Court, parish of Lafourche. *Beattie, J. Merrick, Race & Foster* and *E. W. Blake,* for

plaintiffs and appellees. *T. S. Goode, John S. Billieu, T. L. Winder,* for defendants and appellants.

TALIAFERRO, J. This is an injunction suit. Adolphe Perrin, a judgment creditor of William P. Burton, the lessee of the Arcola plantation, issued execution and caused to be seized, in December, 1874, ten hogsheads of sugar produced that year on the Arcola place, and was proceeding to have the sugar sold when E. J. Gay & Co. enjoined the sale, on the ground that they were the owners of the sugar; that by a verbal agreement entered into in the early part of that year by them with Burton, with the knowledge and concurrence of Burton's lessor, they, at their own cost, cultivated the plantation that year as owners of the crops produced. The defendant in injunction puts in a general denial, and avers that Burton was the lessee of the Arcola plantation during the year 1874, and that he held himself out to the world as such. The defendant prays a dissolution of the injunction, with damages. Judgment was rendered in favor of the plaintiffs, and the defendants appealed.

The facts seem to be that Burton had been the lessee of the plantation for several years prior to 1874; that in the year 1871, on the expiration of a former term, the lease was renewed and extended to the end of the year 1874. This lease was by notarial act, and recorded in the parish of Lafourche. On the trial, Perrin, by his counsel, introduced certain interventions made by E. J. Gay & Co. in two suits against Burton, by judgment creditors of his, wherein they seized under execution mules belonging to Burton which had been sold to him by E. J. Gay & Co., and the price of which had not been paid. In these interventions the defendant in injunction aims to show that E. J. Gay & Co. set forth that Burton was the lessee of the Arcola place in 1874, and that they alleged that on the seventh of May, 1874, they sold thirty-five head of mules to Burton on credit, and that they claimed the vendor's privilege on the proceeds of the sale of the mules. The defendant contends that by these declarations of E. J. Gay & Co., made in their interventions and third oppositions, claiming the proceeds of the sale of the mules, are judicial admissions that Burton was the lessee of the Arcola plantation, and that they are estopped from setting up that by the verbal agreement alleged by them to have been made with Burton and Burton's lessor, Nelson, in January, 1874, they took possession of the plantation and cultivated it on their own account that year.

It is clear from one of these interventions that the mules were sold by E. J. Gay & Co. to Burton in 1873, and not on the seventh of May, 1874, the date "1874" being manifestly a clerical error. In the same act, E. J. Gay & Co. specially declared that the sale of the mules made by them to Burton was recorded in the parish of Lafourche on the sixth of July, 1873, to preserve their vendor's privilege. The order of the judge on

their petition of intervention was rendered on the seventh of February, 1874. From the context of these documents it is clear that the sale of the mules took place on the seventh of May, 1873, and not on the seventh of May, 1874.

The plea of estoppel we think is not well founded. It is clear from the testimony that E. J. Gay & Co., under the agreement made with Burton and his lessor, took possession of the plantation through E. J. Gay, who went on the plantation and exercised possession and entire control of the business; that he subsequently constituted Burton his agent, representative, and manager; that E. J. Gay & Co. furnished all the supplies for the plantation, and the whole crop was shipped to them. It would seem from the examination of witnesses that the defendants were aiming to show fraud and simulation between the parties making the verbal agreement in regard to the cultivation of the Arcola plantation in 1874. They have not alleged fraud and simulation in their pleadings. It was necessary they should have alleged fraud and simulation in order to introduce evidence to that effect. But fraud and simulation are not alleged and not shown. There is no evidence tending to show want of good faith and fair dealing in the parties entering into the agreement, which may be considered as bearing the character of an inchoate contract. Gay & Co. were to make the crop of that year on the Arcola plantation for their own account and at their own expense, and, after reimbursing themselves for all outlays and expenditures incurred in making and gathering the crop and getting it to market, if any excess should remain, it should be applied to the payment of a pre-existing debt due them by Burton, and, on the other hand, if loss should result, it was to fall on E. J. Gay & Co. The objection by the defendant that this verbal agreement should, to effect third persons, have been reduced to writing and recorded, is of no weight in the present case. An incorporeal right only was transferred. The transfer was a lease, the right to E. J. Gay & Co. to cultivate the plantation that year for their own benefit. There was no debtor to give notice to as required by the Civil Code, article 2643, but the notice of the transfer was given to the lessor and approved by him.

There are several bills of exceptions in the record which it is not necessary to examine.

We find no error in the judgment.

It is ordered that the judgment of the district court be affirmed with costs.

Rehearing refused.