(71 South. 130)

No. 21139.

TRICHEL et al. v. DONOVAN et al.

(Jan. 24, 1916. Rehearing Denied March 6, 1916.)

*(Syllabus by the Court.)*

LANDLORD AND TENANT ⬟⬟26 — LEASE — WAIVERS—RECORDATION.

Waivers entered into between lessor and lessee, after the recordation of the lease such as a written consent to sublease, are not required to be inscribed on the books of conveyance.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 76–79; Dec. Dig. ⬟⬟26.]

Appeal from First Judicial District Court, Parish of Caddo; John R. Land, Judge.

Action by J. C. Trichel and another against R. F. Donovan and another. From a judgment for plaintiffs, defendants appeal. Reversed and dismissed.

Foster, Looney & Wilkinson, of Shreveport, for appellants. Hall & Jack, of Shreveport, for appellees.

LAND, J. This litigation to annul certain subleases held by the defendants and to eject them from the premises arose from the following state of facts:

On October 23, 1909, J. T. Hagens, sublet to C. M. Taylor the property formerly known as the Manhattan Saloon, No. 429 Texas street, Shreveport, La., for a term of five years commencing January 1, 1910, and for a monthly rental of $200, represented by the notes of the said C. M. Taylor to the order of his lessor. The lease contained the following stipulation:

"It is further agreed that the leased premises shall not be sublet without the written consent of the lessor obtained in advance."

On November 14, 1910, J. T. Hagens leased to C. M. Taylor the north half of the same building, known as the Bon Ton Restaurant, No. 427 Texas street, with all the second floor of the entire building, for a term of four years beginning January 1, 1911, at a monthly rental of $200, represented by the notes of the said C. M. Taylor delivered to his said lessor. This lease also contained the same stipulation against subleasing without the written consent of the lessor.

. On November 16, 1910, C. M. Taylor leased to R. F. Donovan the property known as the Bon Ton Restaurant for four years commencing on January 1, 1911, at a monthly rental of $150, represented by notes of R. F. Donovan to the order of his lessor.

On April 10, 1911, J. T. Hagens leased to C. M. Taylor the building in the corner of Marshall and Texas streets described as "occupied by C. M. Taylor and R. F. Donovan" for a term of five years beginning January 1, 1915, at a monthly rental of $400, represented by notes of said Taylor. This lease also contained the usual stipulation against subleasing.

On April 11, 1911, C. M. Taylor re-leased the Bon Ton Restaurant to R. J. Donovan for a term of five years commencing January 1, 1915.

On August 22, 1912, with the written consent of Mrs. J. T. Hagens, representing her husband, then deceased, C. M. Taylor transferred and assigned to the plaintiffs all of the leases made to him by said Hagens; they assuming all of his obligations thereunder.

On September 5, 1912, C. M. Taylor transferred to the plaintiffs the two leases made by him to R. F. Donovan.

It appears from the record that by a written instrument of date August 7, 1912, C. M. Taylor authorized R. F. Donovan to sublet the leased premises.

It also appears that in July, 1914, R. F. Donovan subleased the premises to his codefendant, John Demopolus.

Plaintiffs allege in their petition that this sublease was made by Donovan in violation of the stipulations of the leases to him, prohibiting him from subleasing said premises,

and pray for judgment annulling all of the leases under which the defendants pretended to hold.

When confronted with the aforesaid written permit to sublease, plaintiffs took the position that the same was null and void as to them, because it had not been duly recorded in the parish of Caddo. The judge a quo sustained this contention.

The rule that no one can transfer a greater right than he has disposes of plaintiffs' demand, as their vendor, C. M. Taylor, was bound by his permit to R. F. Donovan to sublease the premises.

Plaintiffs, however, contend that this permit was utterly null and void as to them, because not duly recorded.

The first question is whether the law of this state requires the registry of such a written consent or permit, where the leases themselves have been duly recorded.

The leases, as recorded, gave notice to the public and to the plaintiffs that the stipulation against subleasing was not absolute, but was subject to waiver by consent of the parties.

Such a stipulation is not of the essence of a lease, but is merely an incident created by consent, and voidable by consent, or by acts purporting acquiescence.

Plaintiffs, bound to know that the stipulation was subject to waiver, were put on inquiry as to whether the stipulation was still in force at the date of their purchase of the leases.

In the case of a recorded oil lease, where the term was continued, and forfeiture was waived by the common consent of the parties, this court held that assignees of the lessor stood in the shoes of the lessor, as the law does not require a registry of the action of the parties under a recorded agreement. Hudspeth v. Producers' Oil Co., 134 La. 1013, 64 South. 891.

In another case of an assignment of an oil lease this court held that it was not necessary for the lessee to have his rent receipts recorded in order to give notice that the lease had not been forfeited. Busch-Everett Co. v. Vivian Oil Co., 128 La. 886, 55 South. 564.

A stipulation against subleasing is for the exclusive benefit of the lessor, and no one else can enforce it. Montecon v. Faures, 3 La. Ann. 43. The stipulation in this case was likewise for the benefit of the lessor, and the requirement of his written consent to a sublease of the premises was for his protection alone. The lessor might have given him verbal consent, or merely have acquiesced in the subletting of the premises. The written consent subsequently given by the lessor operated as a removal of the interdiction in the contract against subleasing the premises. The abrogation of the stipulation vested in the lessee the right to sublease, or even cede his lease, as provided in C. C. art. 2725. The stipulation being for the sole benefit of the lessor, he had the right to waive it at any time, and no other person has any right to complain.

We know of no law which requires waivers of this kind made after leases have been duly recorded to be inscribed in the same manner as leases, sales, and other conveyances.

It has been held that the transfer of a lease need not be recorded. Gay & Co. v. Nicol, 28 La. Ann. 227.

Having reached this conclusion, it is unnecessary to consider other points made by counsel on both sides.

It is therefore ordered that the judgment below be reversed, and it is now ordered that plaintiffs' suit be dismissed, with costs.

MONROE, C. J. I concur in the decree.

PROVOSTY, J. (concurring). The thing transferred was not the real estate, but the

lease, which is not real estate, and the law requires registry only of acts affecting real estate.