## MONTECON v. FAURES et al.

3   43
52  1221

A stipulation that a lessee shall not sub-let the premises without the written assent of
the lessor, is for the exclusive benefit of the latter, and if he does not take advantage of
it, no one else can.

APPEAL from the First District Court of New Orleans, *McHenry*, J.
Preaux, for the appellant. *Barthe*, for the defendants. The judgment
of the court was pronounced by

ROST, J. This is an action for arrears of rent; and the plaintiff farther
prays that the defendants be ousted from the premises, on the ground that they
have violated the conditions of the lease. The defendants deposited in court
the amount of rent due, and the monthly instalments which matured during the
pending of the suit, but resisted the avoidance of the lease. The court below
having given judgment for the rent and maintained the lease, the plaintiff ap-
pealed.

MONTECON
*v.*
FAURES.

The material facts of the case are as follows: In August, 1845, *Egaña* leased a double tenement situated in the Second Municipality, to *Jules Vaudry.* It was a condition of the lease "that the lessee should not sub-lease the premises' without the written consent of the lessor, endorsed thereon. This lease was made for the term of twenty-six months. *Vaudry* entered into possession, and, in October following, sub-leased one of the tenements to *Campanel,* without the written consent of *Egaña,* for the term of one year, with the privilege of renewing for another year. *Campanel* occupied the premises till June, 1846, when he transferred his lease to *Adèle Pavajeau,* who agreed to take his place and pay the rent to *Vaudry.* *Adèle Pavajeau* went into immediate possession, and has occupied the tenement ever since, with the assent of *Vaudry,* who received the rent from her. In April, 1846, *Vaudry* transferred the unexpired term of the lease to the plaintiff, with the written assent of *Egaña,* and he bound himself to fulfill all the obligations of *Vaudry* towards the landlord. In September, 1846, *Adèle Pavajeau* addressed a letter to the plaintiff, by which she notified him that she would avail herself of her privilege to renew the lease for another year. The plaintiff refused this application, and now resists her claim on the ground that the lease originally made to her was not made with the written consent of *Egaña,* and was therefore void.

However this might be, if *Egaña* himself was the plaintiff in this suit, it is very clear that *Montecon* has acquired nothing more than the rights of *Vaudry,* and is bound by the sub-lease, which can in no respect be viewed as absolutely null. The nullity resulting from the prohibition in the original lease is for the exclusive benefit of *Egaña;* and, if he does not avail himself of it, nobody else can. The evidence leaves no doubt in our minds that the plaintiff was fully aware that *Vaudry* could deliver but one of the tenements to him, and that the other was rented. He went to occupy the vacant tenement without setting up at the time any claim to the possession of the other, and he could hardly have received rent for it, as he did, unless he had been apprised of the conditions of the sub-lease. *Judgment affirmed.*