## CORDEVIOLLE et al. *v.* REDON.

Where a lessee, who had bound himself not to sub-let any part of the premises for more than one year, sub-lets a part for nine months, covenanting to renew the lease on the same terms from year to year for the residue of his own term, the sub-lease is a violation of the prohibition, and will authorize the lessor to demand the recission of the lease. C. C. 2696, 2700.

The prohibition to sub-let is always construed strictly against the lessee. Such a prohibition is not personal to the original lessor; but, in the absence of any stipulation to the contrary, the whole contract may be assigned by the lessor to a third person.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Bodin*, for the plaintiffs. *R. H. Barker*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. The defendant, by his contract of lease, bound himself not to sub-lease any part of the premises for more than one year, without the consent of the lessor. He made a lease to *Brown & Brooks* of a portion of the premises for nine months, (taking monthly notes for the rent,) with a covenant to renew the lease on the same terms and conditions from year to year for the residue of his own term, which then had about three years to run. It does not appear that this sub-lease had been rescinded before the institution of this suit. By art. 2696 of our Code, the landlord may, by the terms of the lease, forbid the lessee to under-lease. "The interdiction," says the Code, "may be for the whole, or for a part; and this clause is always strictly construed—*cette clause est toujours de rigueur.*" The language is taken literally from the Napoléon Code;. and the interpretation which it appears to have uniformly received in France, so far as our researches have extended, is that the prohibition must be construed strictly against the lessee. See Troplong, Contrat de Louage, § 138. Duranton, vol. 7, § 84. Rogron, 1717.

Although the lease to *Brown & Brooks* was not, in direct terms, a lease for more than one year, it was so substantially. So far as *Redon* was concerned he certainly placed that portion of the premises out of his control for more than

one year; nor is there any expression in the lease indicating that the renewal <span style="float:right">Cordeviolle<br>v.<br>Redon.</span>
was to be at the discretion or option of the lessees. The fair interpretation of
the lease would seem to make the renewal obligatory on both parties, although
new acts would be necessary to be done under the covenant, such as giving notes
for the rent of the new terms.

The sub-lease was in violation of the prohibitory clause, and this violation
gave the plaintiff a right to demand a resolution of the lease. Such is the right
reciprocally given to landlord and tenant, if either violate the contract. Civil
Code, 2700. If there be any hardship it is of the party's own making. Hav-
ing assented to the prohibition, he has made the contract the law between him-
self and his lessor, and we are not permitted to enquire into the motive of the
prohibition, nor whether its breach will injure the plaintiffs.

The lease was made by the City Bank to *Redon*, and the plaintiffs subse-
quently bought the property from the lessors. By so doing they succeeded to
the rights of the bank under the contract. We do not consider the reserva-
tion as to consent personal to the bank. In the absence of a stipulation to the
contrary, the entire contract was assignable by the lessor.

*Judgment affirmed.*