| 45 | 791 |
| 120 | 1093 |

## No. 11,146.

### W. H. HENDERSON ET AL. VS. A. MEYERS & BRO.
### A. MEYERS & BRO., LIMITED, INTERVENORS.

The lessors' rights are not affected.

The lessees of plaintiffs organized a corporation, limited.

They transferred their stock in trade and their business establishment, on the premises leased, to the company, limited.

Upon the change from a partnership to a corporation, of which the partners were the owners of seven-eighths of the shares, they gave no notice to their lessors.

It is not proven that the lessors knew that the corporation was the sub-tenant.

The corporation is not entitled to the rights of sub-tenants.

They were third persons and their goods were covered by the lessors' privilege.

The corporation, while occupying the property leased, alleging their financial embarrassment, applied to liquidate its affairs.

Liquidators were appointed and an order was granted by the court authorizing liquidation.

Immediately after, plaintiffs obtained a writ of provisional seizure. The corporation intervened.

The provisional seizure legally issued and is maintained.

Plaintiffs were not bound to intervene in the liquidation proceedings, to prevent the removal of the goods and to assert their rights as lessors.

Before defendants had answered plaintiffs' suit the corporation discontinued its liquidation proceedings and resumed business under its charter.

The corporation, as intervenors in 'plaintiffs' suit and provisional seizure, furnished a forthcoming bond to the sheriff, and received possession of the goods from that officer.

The bond represents the goods.

The judgment is amended by allowing execution for the amount due at the time will issue, and for the balance payable from month to month, in accordance with the terms of the lease.

The fee of attorney stipulated in the contract of lease is due, also interest as allowed in the judgment of the lower court on the amount actually due and unpaid.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*Henderson, Spencer & Fenner,* for Plaintiffs and Appellees, cited: C. C., Art. 2705–2707; Baudry-Lacantiniere, Vol. 3, p. 639; 5 An. 712; 2 N. S. 229; 13 La. 193; 11 Rob. 107; 20 An. 539.

*Farrar & Leake,* for Defendants and Appellants, cited: Laurent, Vol. 25, Sec. 232; C. C., Art. 2167; 15 An. 175; 15 Wall. 600; 32 An. 348; 41 An. 227.

*Lazarus, Moore & Lemle* on the same side.

The opinion of the court was delivered by

BREAUX, J.    Plaintiffs, domiciled in Kentucky, leased for the period of five years, beginning October 1, 1890, to the defendants, A. & J. Meyers, clothiers, the premises in which they conducted their business, at an annual rental of $5250, payable in monthly instalments, for which they furnished sixty promissory notes of $437.50 each, and obligated themselves to pay 5 per cent. attorney's fee in case of suit.

The lease contains the stipulation that the lessees should not sublet the property without the consent of the lessor.

It was also stipulated that in case of the non-payment of one of the notes at its maturity the whole rent would become due.

A corporation was organized in 1891, the capital stock of which amounted to $32,000.

The defendants owned shares in the company to the amount of $28,000.

In August of that year the defendants, A. Meyers & Bro., sold and delivered to the corporation styled A. Meyers & Bro. Company, Limited, property consisting of clothing, of cloths, gentlemen's furnishing goods, etc., on the leased premises, and assumed the obligations of the firm of A. Meyers & Bro., and continued the business as successors of the firm.

The agents of the plaintiffs, in this city, deposited the rent notes in bank for collection.

The Meyers & Bro. Company, Limited, paid those due monthly, from the date of their possession, August, 1891, to July, 1892.

The agents received the collections from the bank, and the member of the agent firm, who testifies, says that they gave themselves no concern as to who paid the rents.

He answers as follows the questions propounded to him as a witness:

Q. You are generally familiar with the business of those who occupy stores on that street, are you not?

A. Yes, sir.

Q. Then, for some time prior to the suit, you were aware of the fact, were you not, that A. Meyers & Bro. Company, Limited, were occupying and doing business in these premises?

A. Yes, sir.

Q. You were aware that they were paying the rent?

A. Well, that I don't know.

Q. You don't know?

A. As long as the rent was paid I did not inquire who paid it.

Q. You did not care who paid it?

A. I did not care who paid it; I went to bank on the fourth of every month and inquired of the amount that had been paid.

Q. And you were told at each time, up to date of filing of this suit, that they had been regularly paid?

A. That they had been regularly paid.

Since the month of August, 1892, the monthly rentals, as they became due, were tendered to plaintiffs' agent, who refused to receive them.

In July, 1892, the above named corporation, setting forth that they were unable to meet their obligations, applied for the appointment of commissioners, with authority to sell the property and liquidate the affairs of the company.

The order was granted, and the commissioners and liquidators assumed the discharge of duties devolving upon them.

In August, 1892, the liquidating proceeding were discontinued, the property was turned over by the liquidators to the company, and the company was authorized to resume business under its charter.

### PLEADINGS.

A few days after the application had been made, as above mentioned, to liquidate the affairs of the corporation, plaintiffs brought suit upon the rent notes, and obtained a provisional seizure against the defendants, A. Meyers & Bro.

The plaintiffs, in an affidavit not objectionable as to form, averred apprehension of the removal of the property away from the premises.

The defendants interposed the plea of no cause of action and pre-maturity; and that no rent being due, the liquidating proceedings had been discontinued, and the corporation had resumed business. At the time the liquidators were no longer in possession.

The exception was referred to the merits on plaintiffs' motion.

The corporation of A. Meyers & Bro. Co., Limited, intervened, and alleged that they are the sub-tenants of the defendants, had paid the rent, and being the owners of the property are entitled to its release, upon the execution of a forthcoming bond.

In compliance with the court's order they furnished bond to the sheriff's order, and took possession of the property.

The defendants in their answer plead the general denial.

Admitting the sale made by them to the intervenors and that the latter assumed their obligations and continued to occupy the premises leased, they allege that immediately after the sale they assumed the position of sub-tenants of the premises.

They also allege that plaintiffs have accepted payment of rent of A. Meyers & Bro. Co., Limited, and recognized them as sub-tenants; that they are estopped, and can not repudiate said corporation as sub-tenants.

That there has been tendered to plaintiffs the amount of rent due and unpaid.

They allege further that plaintiffs had no good reason to believe that the defendants would remove the property out of the premises.

That instead of resorting to a provisional seizure plaintiffs' remedy should have been sought by intervening *"in re* liquidation of A. Meyers & Bro. Co., Limited, of the docket, by rule or third opposition in the liquidation proceedings."

That the rent does not become due until a failure to pay the rent of any one month.

Plaintiffs filed a supplemental petition, setting forth that since the suit was instituted the defendants and the A. Meyers & Bro. Co., Limited, have removed the property from the store.

They claim interest and fee of attorney.

The defendants objected to the supplemental petition on the ground that it came too late, after issue joined, and that it contradicts the allegations of the original petition.

The judgment of the court *a qua* condemns the defendants, A. Meyers & Bro., individually and *in solido*, to pay the entire rent, in-

Henderson et. al. vs. Meyers & Bro.

terest and fee of attorney, and decrees that plaintiffs' lessor's lien and privileges for the amount be recognized and enforced.

The intervention of A. Meyers & Bro. Co., Limited, is dismissed.

From the judgment the defendants and the intervenors appeal.

### BILL OF EXCEPTIONS.

The objections to the amendment of plaintiffs' petition, as reserved in defendants' bill of exceptions, present themselves preliminarily for decision.

In reference to the stage of the proceedings, at which it was filed, the judge *a quo* may exercise a broad discretion.

He may allow the amendment after issue joined, and the case is fixed for trial if no injury be done.

"The general rule that governs even the strictest practice of the courts of Great Britain, on the subject of amendments, is that they shall be granted, or refused, as they may best tend to the furtherance of justice, with these exceptions only, that the amendment must be not wholly foreign to the case, that the plaintiff has not been guilty of any unusual delay, or vexatious practice, that the defendant be not surprised or oppressed." Aston vs. Morgan, 1 M. 178; Vavasseur vs. Bayon, 11 M. 640. Abot vs. Bayon, 4 N. S. 818. Gasquet vs. Johnson, 4 L. 433. Succession of Rougan, 7 R. 436.

The nature of the action was not changed by the amendment. It was only setting out facts of removal of the property not inconsistent with the petition.

We therefore think that the court did not err in allowing the amendment.

### ON THE MERITS.

The following are the issues propounded by the defendants and by the intervenors:

1. The property was in *custodia legis*, and the plaintiff had no reason to believe that it would be removed.

2. The intervenors are the sub-tenants of the property and not third persons.

3. The terms of payment not having matured, the plaintiffs are not entitled to the payment of the whole rental.

The defendants, we have seen, had transferred all of their goods, on which plaintiff had a lessor's privilege, to a corporation of which

they were the principal organizers and of which they owned at the time seven-eighths of the shares.

This corporation, in its application to liquidate, alleged its embarrassed condition.

It applied for an order to sell the property; This involved its removal.

The plaintiffs were not bound by the proceedings in liquidation.

The sale of the liquidators of a partnership or of a corporation, with the view of settling its affairs, can not have the effect of compelling the lessor to resort to a rule or third opposition to assert his rights.

It does not affect the lessor's right to keep the thing pledged until he be paid. It detracts nothing from the lessor's right to distrain them for rent.

It was not such a custody of the law as to bring to an end the exercise of all privileges upon the goods, save as against the liquidators and commissioners. They are to be looked upon as goods removed.

When the corporation petitioned to discontinue the proceedings in liquidation, A. and I. Meyers were the owners of 268 of the 320 shares, the entire number.

They had a controlling interest.

They could not as owners of this controlling interest make a disposition of property to the prejudice of their firm or personal indebtedness.

The corporation was a separate entity, but these shareholders did not, because of a separate juridical being, escape all their obligations as debtors.

They sought through the agency of the corporation the removal of the property; in thus seeking they became subject to the provissional seizure that was issued.

This brings us to the second proposition, that relating to rights of the lessor against third persons and to the rights of a sub-lessee.

If the corporation of A. Meyers & Bro. Company, Limited, was the sub-lessee, it devolved upon it to disclose the title on which it occupied the premises.

It does not satisfactorily appear that the corporation was the sub-tenant.

There is nothing in the proof directly defining the relations between this company and the defendants. The former succeeded to the business, continued as the successors of the latter.

It is not stated in evidence that they, by contract or stipulations of any kind, became the sub-tenants of the vendors of the goods.

"The fact that a person other than the lessee is found in possession of demised premises is presumptive evidence that he is an assignee and not an under-tenant, especially if he has paid rent to the original landlord." Wait's Actions and Defences, Vol. 4, verbo Lease.

There was a prohibition in the lease to sub-lease.

The lessor has the right to renounce the prohibition expressly or even tacitly.

As to the latter, if the property had been sub-leased to the knowledge of the lessor and he had approved the sub-lease, this directly implies his consent to renounce the prohibition. But the mere silence of the lessor will not have that effect.

The lessor in this case has remained silent, but has not either directly or indirectly given consent to any sub-lease.

Our attention is directed to the case of Freeland vs. Hyllester & Co., 24 An. 450.

The record of the case in the clerk's office discloses that the defendant, by contract in writing, had sub-leased the property to Vinten, the intervenor, to which the plaintiff consented, and, after having consented, directed his agent to suggest to the sub-lessee the propriety of holding the rental subject to his order.

The intervenor was therefore a sub-tenant.

The intervenors in the case at bar were not sub-tenants, with the consent either expressed or implied of the plaintiffs.

This right of pledge affects third persons, when their goods are contained in the house or store by their own consent, express or implied. C. C. 2707.

Without the consent of the owner the premises could not be sub-leased, and the proprietor was not bound to take any action further than necessary for the protection of his interest.

This court, interpreting the concluding clause of Art. 2696, holds that the prohibition to sub-let is always construed strictly against the lessee. Cordeviolle vs. Redon, 4 An. 40.

Considering these propositions, supported as they are by a number of decisions of this court, we conclude that plaintiffs' action was properly maintained.

The plaintiffs' claim that all the rent is due; that defendants' action has the effect of changing the indebtedness to a cash basis.

In deciding this point we take into consideration the circumstances of the abandonment, some time after the suit had been instituted; the facts that the goods were sold under an order of court and the payment of rent as they became due.

They are not sufficient to defeat or lessen any of plaintiffs' rights to prosecute his claim against the defendants and maintain an action *in rem* against the property subject to their lease in the possession of the intervenors, but present good grounds not to change the terms of the indebtedness and to let them remain as stipulated in the lease.

The intervenors furnished bond accepted by the sheriff as good and solvent to produce the property to meet the judgment of the court or pay its amount.   This bond represents the goods.

In decreeing recourse upon this bond the obligations remain until payment, and plaintiffs' right remains unaffected until payment. We do not desire by our ruling to weaken the authority of Christy vs. Casenave, 2 N. S. 451; Raumager vs. Blatmer, 11 R. 170; Ledous vs. Jones, 20 An. 539.

The state of facts in these cases are not in all respect similar to the facts of the case under consideration.   The abandonment in the cases just referred to was complete and no bond to secure the claim was on file.

As precedents Reynolds vs. Swain, 13 L. 193, and Prieur vs. Depouilly et al., 8 An. 399, apply.

The terms of payment in these cases remained the same as they were before judgment was pronounced.

In reference to the fee of attorney, to which objection is urged, it having been stipulated in the contract of lease, as one of its conditions; the difference between the parties justified the proceedings to secure plaintiffs' rights.

We think the fee is due.

It is therefore ordered and decreed that the judgment appealed from be amended, by allowing execution to issue as decreed in that judgment for the sum actually due at the time the writ of *fi. fa.* will be applied for, and that for the balance a writ of a *fi. fa.* to issue from month to month until the judgment is all paid.

· The judgment is also amended by allowing, as in the judgment of the court *a qua*, interest on the notes due and demandable as to payment and rejecting all demand for interest on the notes not matured.

Kernan vs. Baham et als.

The judgment is also amended by setting aside the order of dismissal of the court *a qua*, and it is further amended by rejecting intervenor's demand, without prejudice, however, to their liability and that of their sureties on the forthcoming bond for the restoration to the sheriff of the property seized or for the satisfaction of plaintiffs' judgment.

After amendment as above the judgment appealed from is affirmed at appellees' costs.