### No. 9592.
### Orleans Appeal.

### MR. AND MRS. SAMUEL MARCUSE v. ISADORE SHAPIRO, Appellant.

(November 3, 1924, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest, Judgments, Par. 28; Landlord and Tenant, Par. 31.**

A stipulation in a written contract of lease granting lessee "privilege to sub-lease providing tenant is suitable to owner", reserves to the owner or lessor an arbitrary right of withholding that which is a mere privilege. It conveys no enforcible right in favor of the grantee or lessee, justifying the latter's failure to pay rent when due. Such a defense in suit for recovery of rent accrued is neither valid, legal nor sufficient in law, and entitles plaintiffs to a judgment by rule, on the face of the pleadings, in conformity with Acts 157 of 1912 and 300 of 1914.

Appeal from Civil District Court for the Parish of Orleans, Division "A", Hon. Hugh C. Cage, Judge.

Judgment for plaintiff on the face of the papers. Defendant appealed.

Judgment affirmed.

Chas. Rosen and Louis L. Rosen, attorneys for plaintiff and appellee.

Milling, Godchaux, Saal & Milling, attorneys for defendant and appellant.

BELL, J. This is an appeal taken by defendant from a judgment rendered against him on the answer filed by him. The judgment was predicated upon a rule for judgment, filed by plaintiffs, wherein it was set forth that defendant's answer did not show any valid or legal defense, was insufficient in law and entitled plaintiffs to a judgment on the face of the pleadings.

We have not been favored by any brief from appellant. The facts of this case, as shown by all pleadings, we find to be accurately stated in plaintiff's brief, as follows:

"The plaintiffs claimed $1,080.00 rent for leased premises, Apartment B of 2724 Napoleon Avenue, a portion of an apartment house in this city, for the 12 months' unexpired portion of a 23-month lease, that is from October 1, 1923, to September 30, 1924, at $90.00 per month, on the ground that the unpaid notes had, by the terms of the lease, become exigible through the lessee's refusal to pay the note which fell due on October 31, 1923.

"The lease was dated November 16, 1922, was for 21 months beginning January 1,

1923, and ending September 30, 1924, at
$90.00 per month (with privilege to occu-
py the premises beginning December 1,
1922); and the lease provided that if any
one note was not paid at maturity, all
should become due with 10% attorney's
fees.

"The answer of the defendant was that
at the time he signed the lease, his family
consisted of himself, his wife and a child
of about one and a half years of age, which
had already started to walk; 'but that he
and his family never occupied the said
leased premises'; that on the contrary, he
sub-leased the premises, 'with the consent
of plaintiffs', to one G. C. Carveth for the
period commencing January 15, 1923, and
ending September 30, 1923, at $70.00 per
month.

"That said Carveth attempted from time
to time during the term of said sub-lease
to cancel the same and vacated the premises
on September 30, 1923.

"That defendant attempted to get another
sub-tenant and caused a number of 'pros-
pective' sub-tenants to be 'tendered to plain-
tiffs', all of whom were refused unreason-
ably and without just cause.

"That, on or about August 27, 1923, 'there
was tendered' to plaintiffs as a sub-tenant,
one E. C. Slaughter, a respectable, refined,
responsible person, who signed a written
'offer' to sub-lease said premises from Oc-
tober 1, 1923, to September 30, 1924, at
$70.00 per month; that the family of said
Slaughter consisted of himself, his wife,
and one child, but that plaintiffs unreason-
ably and without just cause rejected the
said Slaughter 'as a sub-tenant' solely and
because of his having a child of about five
years of age, although his offer of sub-
lease has been accepted by defendant.

"He averred that there was no provision
in the original lease that no child or chil-
dren should be permitted in said premises;
that the defendant had a child of about
one and a half years of age 'in his family'
at the time said lease was entered into
and that the action of the plaintiffs in re-
jecting the numerous sub-tenants 'tendered
by defendant' merely because there was a
child or childrn in the family was unwar-
ranted, unjust and unreasonable and the
cause of great damage and injury to re-
spondent.

"The answer then proceeds to aver that
on account of the actions of plaintiffs, re-
spondent, in order to minimize his dam-

ages, 'was finally compelled' to sub-lease
the premises from November 15, 1923, to
September 30, 1924, at $55.00 per month,
whereby he lost the rent for October,
amounting to $90.00, lost $62.50 on the
November rent, and 'will lose' $35.00 per
month for the other ten months, or a total
of $502.50, whereas, had said sub-tenant
Slaughter 'been accepted by the plaintiffs
as he should have been', respondent's loss
would have been only $240.00, 'which he
was willing to assume and bear.'

"The answer also alleged that defendant
denied that he had refused to pay the
tenth note, but, on the contrary, he avers
that in payment thereof he tendered 'his
check' for $90.00, which was refused; but
this is subsequently stated in the answer
to be that in order to avoid trouble and
litigation, he had 'as a matter of com-
promise' offered to pay the rent at the
rate of $90.00 per month, but that 'his
check' for $90.00, covering the rent of Oc-
tober, 1923, was rejected. When this ten-
der was made he does not state.

"Assuming the position of plaintiff in re-
convention, he claimed he had been injured
and damaged by the unwarranted and un-
just actions of plaintiff in the sum of
$262.50; wherefore he prayed for judgment
in his favor against plaintiffs, in solido, in
the sum of $262.50.

"The lease contained the following pro-
vision inserted in handwriting: 'Privilege
to sub-lease providing tenant is suitable to
owners', and the following printed pro-
vision: 'Lessee binds himself * * * to
make no sub-lease without written consent
of lessor.' "

The merits of this case are not before us
for consideration, the sole question being
whether the allegations in defendant's an-
swer and reconventional demand sufficiently
set forth any valid or legal defense or
plea within the provisions of the pleadings
and practice Acts—157 of 1912 and 130 of
1914. We think they do not and that the
judgment of the trial court should be af-
firmed for the following reasons:

1. Defendant does not deny any of the
material allegation of plaintiff's petition.

2. Defendant admits the existence of the
lease sued upon, and that he has purposely

withheld the rent for which he is in arrears after making an alleged tender of one month's rent in an alleged manner plainly insufficient in law and only in the spirit of a compromise, to which plaintiffs are not shown to have ever agreed.

3. That defendant, as plaintiff in reconvention, does not pray that plaintiff's demand be rejected, but that only he, in turn, be given judgment for damages, actual and anticipatory, and which he suffered under facts not supporting a legal and sufficient cause of action.

The clause in the lease granting "privilege to sub-lease providing tenant is suitable to owner", must be strictly construed against the lessee. (Montecon vs. Faures et al., 3 La. Ann. 43; Cordeviolle vs. Ridon, 4 La. Ann. 40.)

The right to sub-lease, even though it be termed a "privilege", is, when coupled with a proviso that the sub-tenant be acceptable to owner, naught else but a stipulation wholly in favor of the lessor. (Henderson vs. A. Meyers & Bro., 45 La. Ann. 797, 13 South. 191; 24 Cyc., 967.)

The withholding of such a privilege from the lessee can never justify him in withholding the payment of rent as accrued. His remedy, if any, is by direct action for enforcement of what may be shown to have been a specific right, wholly exercisable at the will of the lessee. No such facts are shown to exist from the pleadings before us.

In the case of Bailey vs. Walker & Co., Inc., 290 Fed. 285, the Appellate Federal Court of the District of Columbia, affirming a judgment dissolving a lease because of tenant's violation of the covenant not to sub-lease, held:

"There can be no question, and the authorities are ample on this subject, that a covenant against sub-letting is for the benefit of the landlord, because it is regarded as for his interest to determine who shall be a tenant of his property."

When defendant accepted the lease here sued upon and subscribed particularly to the clause relating to the condition of a sub-lease, viz.: that the party sub-leasing the property must be suitable to the lessor, he yielded to the lessor the right of being the sole judge of whether the sub-tenant was suitable. Such a contract, however ill advised and however pregnant with possible obstacles regarding a sub-lease, was made with the eyes of the defendant wide open, and he cannot be heard to complain against a legal stipulation which might result to him disastrously. His opinion that the refusal of the lessor's consent was unreasonable, does not give him a legal right to so plead in avoidance of the main obligation to pay the rent. Similar reasoning was expressed in the case of McCarren vs. McNulty, 7 Gray 139, 141:

"It may be that the plaintiff was injudicious or indiscreet in undertaking to labor and furnish materials for a compensation, the payment of which was made dependent upon a contingency so hazardous or doubtful as the approval or satisfaction of a party particularly in interest. But of that, he was the sole judge. Against the consequences resulting from his own bargain, the law can afford him no relief." (See also 9 Cyc., 620; Campbell Printing Press vs. Thorpe, 36 Fed. 414, 418; 1 L. R. A. 645.)

A careful examination of defendant's pleadings made in this suit in form of an answer, convinces us that the defense to this suit is wholly insufficient in law, and that the relief granted to plaintiffs on the rule for judgment, in conformity with Acts 157 of 1912 and 300 of 1914, was well founded.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from herein be and the same is hereby affirmed, at defendant's costs in both courts.