(105 So. 347)

No. 26759.

## WOODMAN et al. v. RIVIERE et al.

(July 13, 1925.)

*(Syllabus by Editorial Staff.)*

**Landlord and tenant ⬤�ófö75(3) — Mere acceptance of offer of sublease within time prescribed insufficient to bind sublessor, where owner's consent was not obtained.**

Defendants were the original lessees of a building, and, acting under the provisions of a sublease, offered sublessees a further sublease of balance of the original lease, which offer was accepted within the time prescribed for option, but the consent of owner's agent could not be obtained. *Held*, in an action to enforce execution of the sublease, that mere acceptance of lessees' offer was not sufficient, since the consent of the owner or his agent was also necessary.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Injunction by Mrs. Marguett Woodman and another against Mrs. Coralie Riviere and another. From a judgment recalling and setting aside an order overruling defendants' exception and dismissing plaintiffs' suit, plaintiffs appeal. Affirmed.

Clancy A. Latham and H. W. Robinson, both of New Orleans, for appellants.

F. A. Middleton, of New Orleans, for appellees.

ROGERS, J. Mrs. Anita Gabriel (Matthews) and Mrs. Coralie Riviere, doing business under the firm name of Gabriel & Riviere, leased from the De Soto Building Company, Limited, the entire ground floor of the building No. 227 Barronne street, in the city of New Orleans. Subsequently, with the consent of their lessor, the said lessees entered into a sublease with Mrs. Marguett Woodman for one-half of the said leased premises.

In addition to the usual and customary clauses, the sublease contained a provision requiring either of the contracting parties, before leasing or transferring to a third person the lease of the part of the premises occupied by said party, to first offer the same to the other party, who was given the right and option to accept within 10 days the said sublease or transfer of lease on the same terms and conditions and for the same rental as prescribed in the lease of the party desirous of making said sublease or transfer.

After the sublease in question was in effect for nearly 2 years, the sublessors, Gabriel & Riviere, with a prospective purchaser of their business in view, addressed a letter, through their attorney, to the plaintiff, offering to sublease to her the one-half of the premises No. 227 Barronne street within a period of ten days. A few days thereafter plaintiff, through her attorney, replied to said letter, formally accepting the tender of the sublease. On the same day the said attorney wrote the agent of the original lessor to prepare the necessary sublease. The transaction was not completed, and this suit was instituted by Mrs. Marguett Woodman, authorized by her husband, against Mrs. Anita Gabriel and Mrs. Coralie Riviere, praying for a writ of injunction commanding defendants to execute the sublease to plaintiff; or, in the alternative, that the judgment ordering defendants to execute the lease should have the same effect as if the said instrument was actually signed by the defendants.

After an exception of no cause of action filed by them was overruled, defendants answered, admitting the letter offering the sublease to plaintiff, but denying the various other allegations of plaintiff's petition. Defendants further alleged that the said offer was a voluntary offer, made without consideration, which they had a right to withdraw at any time prior to the signing of said lease, and which they did withdraw; that the said lease was held open for a period of ten days pending the securing by plaintiffs of the consent of the agent for the owners to sublease; that no sublease could be made

by defendants without such consent; that during the entire period of 10 days defendants endeavored to secure the written consent of said agent to said sublease, but without avail; that during said 10 days defendants had an opportunity of selling their business to one Miss McCarthy, but defendants, being unable to effect said sublease, were unable to consummate the sale to the prospective purchaser, who, at the end of 10 days, withdrew her offer of purchase.

When the case was called for trial, the defendants renewed their exception of no cause of action; the court reserving its ruling thereon in order to hear the testimony. At the conclusion of the testimony, the court took the case on both the exception and merits under advisement. In due course, judgment was rendered recalling and setting aside the previous order overruling the exception of no cause of action, which was then maintained, and plaintiffs' suit was dismissed at their cost. Plaintiffs then took the present appeal from said judgment.

The basis of the exception of no cause of action is substantially the ground of defense set up in the answer of the defendants; and, inasmuch as the whole case is before us in the transcript, we have concluded to pretermit the exception and to dispose of the controversy on its merits.

The original lease from the De Soto Building Company, Limited, made through Fellman, agent, to Gabriel & Riviere, contains a provision prohibiting the transfer of the lease or the execution of a sublease, in whole or in part, without the written consent of said agent, and that any such transfer or sublease shall be prepared in his office. In accordance with this provision, the sublease from defendants to plaintiff was made with the consent of said Fellman, agent.

The effect of this stipulation was recognized by plaintiff, who, through her attorney, in his letter of February 14, 1924, re-minded defendants of the provision, and who also, on the same day, addressed a letter to Fellman, agent, requesting him to prepare the sublease. It appears, however, that the sublease in question was not prepared and tendered to the defendants until more than 10 days had elapsed from the date of their offer. Defendants themselves, through their attorney, took the matter up with Mr. Fellman with a view of carrying out the agreement. On the last day of the period during which plaintiff had the right to sublease under defendants' offer, defendants' attorney called at the office of Mr. Fellman and discussed the matter with him. At this interview, it is clear that Mr. Fellman had not finally determined to permit the transfer and to accept plaintiff as a tenant for the entire premises. The evidence shows that Mr. Fellman was fearful of the diminution of his security for the rent by reason of the removal of defendant's stock of merchandise from the leased premises, and that he was unwilling to release defendants from their liability unless they would furnish him with security on the rent notes of Mrs. Woodman, the plaintiff herein.

This proposition was naturally unacceptable to the defendants, since there was no good reason why they should guarantee the payment of Mrs. Woodman's rent notes, and the 10 days elapsed without Mr. Fellman giving his approval to the transfer or sublease as it then stood.

It is true that on March 10, 1924, which was more than two weeks after the expiration of the 10 days' option, Mr. Fellman wrote the attorney of plaintiff to the effect that he was willing to effect the sublease in question. This letter, however, was never communicated to the defendants nor to their attorney. In fact, so far as the record discloses, Mr. Fellman never, at any time, directly informed or notified defendants that he would approve the sublease. The letter

was written, evidently, for the purpose of this suit, which was filed the next day, March 11, 1924, and it can have no bearing on any of the issues involved herein.

It is our conclusion that the mere acceptance within 10 days by plaintiff of defendants' offer was not sufficient to entitle her to the sublease. Under the agreement of the parties, something more was to be done. It was necessary that a new and separate document should be prepared by Mr. Fellman, the agent of the original lessor, and that his approval should be appended to said document. Both parties, in so far as their right to sublease was concerned, were dependent upon the will of the owner or his agent. Inasmuch as neither the owner nor his agent gave his approval to the sublease within the period during which the option existed, we do not find any basis for plaintiff's complaint that defendants failed to carry out their offer.

For the reasons assigned, the judgment rejecting plaintiff's demands and dismissing her suit is affirmed.