123 So.2d 521 (1960)
Chester F. OWENS
v.
Woodson R. OGLESBY.
No. 21425.
Court of Appeal of Louisiana, Orleans.
June 20, 1960.
Rehearing Denied October 24, 1960.
*522 A. J. Fortier, Jr., New Orleans, and Roland R. Selenberg, Metairie, for defendant and appellant.
Owens, Levy & Voelker, New Orleans, for plaintiff and appellee.
McBRIDE, Judge.
This is a suit brought by a landlord against his tenant for the aggregate amount of rent due for the unexpired term of a written lease of an unfurnished apartment in New Orleans, coupled with a writ of provisional seizure under which the property and effects which the lessee had in the leased premises but which he removed therefrom were seized and taken into possession by the Civil Sheriff.
After a trial of the case in the court below, judgment was rendered in favor of the plaintiff for the amount prayed for and the writ of provisional seizure was maintained with recognition of plaintiff's lessor's lien and privilege on the property and effects seized thereunder. Defendant has appealed.
Appellant tenders two defenses to plaintiff's demands: (1) that plaintiff's agent gave permission to him to sublet the premises and said agent even found a subtenant and actually negotiated a sublease between appellant and said party and, therefore, defendant was within his rights in vacating, and (2) if there was no sublease plaintiff, by his actions, deprived appellant of any right he may have had to sublet the property and thus plaintiff violated the terms of the lease.
The lease covered a one-year period beginning January 15, 1957, and stipulated for a monthly rental of $225 and contained the stipulations:
"* * * should the Lessee begin to remove personal property or goods to the prejudice of the Lessor's lien, then the rent for the unexpired term, with Attorney's fees, shall at once become due and exigible, * * *."
In May of 1957 the defendant-lessee accepted employment outside of New Orleans, and in a telephonic conversation he informed plaintiff he desired to leave New Orleans but before doing so would attempt to sublease the premises to some person "agreeable" to the lessor. The lessor remained silent and neither directly nor indirectly gave consent to any sublease.
Shortly thereafter the tenant employed the same real estate agent who had represented plaintiff in negotiating the lease between plaintiff and defendant to find a subtenant for the premises, and on June 21, 1957, the agent found a prospective subtenant and ultimately had defendant and said third party sign an agreement to sublease.
On June 23, 1957, the landlord was notified by defendant that the agent had sublet the apartment; whereupon the landlord, through his attorney, sent a letter to defendant in part stating as follows:
"Please be advised that no sublease will be permitted, and that any attempt to do so will immediately result in your being involved in a serious and costly matter."
The tenant then proceeded to remove his furniture and effects from the leased premises, and this suit and the accompanying writ of provisional seizure ensued.
*523 The lease contract between the parties contains the following paragraph:
"Lessee is not permitted to rent or sub-let or grant use or possession of the premises to any other party without the written consent of the Lessor, and then only in accordance with the terms of this lease. Should Lessee desire to sub-let and wish to post any rent signs, permission must be obtained in writing through Lessor or Agent and such sublease shall be handled by Lessor's Agent at expense of the herein Lessee." (Italics ours.)
The landlord relies on the first clause in the quoted paragraph and contends that under the terms thereof the tenant had no right to attempt to sublease without his written consent, and that in quitting the premises in the manner in which he did, the tenant became liable for the full amount of the rent due for the unexpired lease term.
The defendant counters with the contention that under the terms of the italicized clause of the quoted paragraph the agent of the landlord had the right to consent to his subletting the premises, and whereas plaintiff's agent negotiated the sublease, she in effect consented thereto and her consent and the sublease made by her binds the plaintiff, and defendant had a right to remove his effects from the leased apartment.
The statutory law with reference to the right of the tenant to sublease the premises is to be found in LSA-C.C. art. 2725, which reads as follows:
"The lessee has the right to underlease, or even to cede his lease to another person, unless this power has been expressly interdicted.
"The interdiction may be for the whole, or for a part; and this clause is always construed strictly."
The Supreme Court in interpreting the concluding clause of the codal article has held that the prohibition to sublease is always construed strictly against the lessee. Cordeviolle v. Redon, 4 La.Ann. 40; Henderson v. A. Meyers & Bro., 45 La.Ann. 791, 13 So. 191. Moreover the covenant in the lease against subletting is for the benefit of the landlord because it is regarded as for his interest to determine who shall be a tenant of his property. Montecon v. Faures, 3 La.Ann. 43; Marcuse v. Shapiro, 1 La.App. 135; Bailey v. Allen E. Walker & Co., 53 App.D.C. 307, 290 F. 282, 285.
Clearly then, under the terms of the lease which prohibited the tenant from subleasing without the consent of the landlord, the agreement between the tenant and the third person would not be binding on the plaintiff unless it can be held that pursuant to the provisions of the italicized portion of the above-quoted paragraph the agent had authority to consent for the account of the landlord to the subleasing of the premises. Having carefully read the clause relied on by defendant, our opinion is such clause does not endow the landlord's agent with any right, power, or authority to grant permission to the tenant to sublease the premises. All it means is that should the lessee desire to sublet and to that end post rental signs on the property, permission to post the signs must be obtained through the lessor, or the agent, and any sublease shall be handled by the agent at the expense of the tenant. The paragraph cannot be interpreted as contended for by defendant.
The defendant also argues that when the landlord sent the letter to him advising that no sublease will be permitted and that any attempt on the part of the tenant to sublet the premises would result in the tenant being involved in a serious and costly matter, this had the legal effect of dissolving the lease for the reason that the landlord arbitrarily deprived the tenant of ever seeking a subtenant, even one who might be satisfactory to the landlord.
We cannot see any merit in this contention at all. It is true the landlord assumed *524 an arbitrary stand in writing the letter to the tenant, but he was within his rights in doing so in view of the provision of the lease which provides no sublease would be permitted without the written consent of the owner. No one could question the landlord's right to refuse permission to sublease upon each prospective subtenant being presented, and we think that all the landlord intended when he so notified the tenant was to let him know that he would be spared time and expense if he did not seek a subtenant for the reason the landlord wanted no subtenant in his premises.
We think that the instant case is somewhat analogous to Woodman v. Riviere, 159 La. 291, 105 So. 347, 348, wherein the lease contained a provision prohibiting its transfer or the execution of a sublease in whole or in part without the written consent of Fellman, the agent, and that any such transfer or sublease shall be prepared in his office. Plaintiff accepted the tenants' offer to sublease but without the consent of the agent who never at any time directly informed or notified the tenants he would approve the sublease. The Court said:
"It is our conclusion that the mere acceptance within 10 days by plaintiff of defendants' offer was not sufficient to entitle her to the sublease. Under the agreement of the parties, something more was to be done. It was necessary that a new and separate document should be prepared by Mr. Fellman, the agent of the original lessor, and that his approval should be appended to said document. Both parties, in so far as their right to sublease was concerned, were dependent upon the will of the owner or his agent. Inasmuch as neither the owner nor his agent gave his approval to the sublease within the period during which the option existed, we do not find any basis for plaintiff's complaint that defendants failed to carry out their offer."
In the instant case the consent of the owner was necessary and that never having been given, the sublease between defendant and the third party was ineffective.
For these reasons, the judgment appealed from is affirmed.
Affirmed.