154 So.2d 625 (1963)
Cameron B. GAMBLE, d/b/a Kitchens by Cameron
v.
The NEW ORLEANS HOUSING MART, INC.
No. 1088.
Court of Appeal of Louisiana, Fourth Circuit.
June 4, 1963.
Rehearing Denied July 1, 1963.
Gamble & Gamble, Bush L. Gamble, New Orleans, for plaintiff-appellant.
Thomas H. Kingsmill, Jr., New Orleans, for exceptor-appellee.
Before YARRUT, SAMUEL and CHASEZ, JJ.
SAMUEL, Judge.
This is an action for cancellation of a lease and other relief. Plaintiff has appealed from a judgment maintaining an exception of no cause of action and dismissing his suit.
*626 The pertinent allegations of the petition, accepted as true for the purpose of deciding the exception, are as follows:
Plaintiff leased from defendant a portion of the ground floor area of the New Orleans Housing Mart Building in the City of New Orleans. During the lease term he obtained a subtenant, L. J. Roy, who was willing and able to sublease the premises for the same rent and under the same terms and conditions as contained in the original lease. That lease between the litigants contained a provision which prohibited subleasing without the written consent of the lessor. Plaintiff applied to defendant for such written consent. (The petition alleges that the lease is made a part thereof but we have been unable to find it in the record. However, the existence and exact wording of the provision in question is conceded by both sides and is quoted hereinafter.) Defendant's consent was withheld "* * * not because Roy was not acceptable to defendant as a subtenant, but to enable defendant to, and defendant did, lease other space in the New Orleans Housing Mart Building to Roy, thereby acquiring Roy as a tenant while retaining plaintiff as a tenant". The petition also alleges that defendant's refusal to accept Roy as a tenant constituted a breach of the implied lease provision that the defendant would consent to a sublease if plaintiff produced a subtenant acceptable to defendant.
The petition prays for cancellation of the lease as of the date Roy was offered as a subtenant, for damages in an amount equal to all rent paid and to be paid by plaintiff to defendant subsequent to said date, for interest, attorney's fees and costs.
The lease provision with which we are here concerned reads as follows:
"Lessee is not permitted to rent or sublet or grant use or possession of the premises to any other party without the written consent of the lessor, and then in accordance with the terms of this lease. Should Lessee desire to sublet, permission must be obtained in writing through Lessor or Agent and such sublease shall be handled by Lessor's Agent at expense of the herein Lessee."
The statutory law concerning the right of a tenant to sublease is to be found in LSA-Civil Code Art. 2725:
"The lessee has the right to underlease, or even to cede his lease to another person, unless this power has been expressly interdicted.
"The interdiction may be for the whole, or for a part; and this clause is always construed strictly." LSA-C.C. Art. 2725.
While plaintiff may not be entitled to all of the relief for which he prays even if the petition does state a cause of action and proper proof is made thereof, clearly he is entitled to some relief should a cause of action be alleged and proved. In view of the fact that the defendant actually accepted Roy as a lessee after he had been offered by plaintiff as a sublessee, there can be no doubt, in the absence of proof to the contrary, that he was satisfactory and acceptable to defendant as a sublessee. Thus we are presented with the question of whether the quoted lease provision gives the lessor the arbitrary and absolute right, without any reason and even in bad faith, to refuse to give the permission required by the provision.
In interpreting the second paragraph of the quoted LSA-Civil Code Art. 2725 our jurisprudence consistently has held that a prohibition against subleasing is to be construed strictly against the lessee; the covenant is for the benefit of the lessor because it is regarded as in his interest to determine who shall be a tenant of his property. See Owens v. Oglesby, La.App., 123 So.2d 521, 523.
*627 But there is an important difference and distinction between an absolute prohibition of any right to sublease, a right which would exist under the article in the absence of a prohibition or express "interdiction", and the provision relative to subleasing in the instant case. Here the lessee is simply not permitted to sublet without the written consent of the lessor. This does not prohibit or interdict subleasing. To the contrary, it permits subleasing provided only that the lessee first obtain the written consent of the lessor. It suggests or connotes that, when the lessee obtains a subtenant acceptable or satisfactory to the lessor, he may sublet. At the time the lease was entered into the lessee had every reason to believe that he could sublet upon producing a proper subtenant. Otherwise the provision simply would prohibit subleasing. Under these circumstances the lessor cannot unreasonably, arbitrarily or capriciously withhold his consent.
Our LSA-Civil Code Art. 2725 is the same as Article 1717 of the Code Napoleon. And the words "this clause is always strictly construed" were inserted in Article 1717 by the French (prior to our adoption of the article) in order to give the lessor the right to arbitrarily and absolutely refuse to accept a sublessee when the lease provision prohibited subleasing. We note that under the French jurisprudence the lessor who wished to reserve for himself such an arbitrary right must have expressly so stated. Where the provision, as here, was simply a reservation for the consent of the lessor he did not have the right arbitrarily to refuse the sublessee tendered to him when such person was solvent, honorable and fulfilled the same conditions as the original lessee. 2 Planiol, No. 1752, n. 42 (La.Law Inst. transl.).
We agree that a great deal of latitude must be allowed the lessor in refusing to give the permission called for under the lease. The provision being for his benefit, it may be that the lessor can refuse in any case except where the tendered sublessee is acceptable and satisfactory to him in every respect. But here the tendered sublessee was completely acceptable and satisfactory to the lessor. The allegations of the petition admit of no other conclusion and no other circumstance is before us. Under those allegations the defendant did not have the right to refuse to give permission to sublease.
The case of Owens v. Oglesby, supra, recently decided by this court and relied upon by the defendant, is not controlling. In that case the lessee did not tender to the lessor a completely acceptable and satisfactory sublessee.
For the reasons assigned, the judgment appealed from is reversed and the case is remanded to the Civil District Court for the Parish of Orleans for further proceedings according to law and not inconsistent with the views expressed herein; all costs to await final determination.
Reversed and remanded.
YARRUT, Judge (concurring).
I concur that the lessor may refuse to accept a sublessee without giving reasons therefor. However, if the lessor has accepted the sublessee tendered him as his own, but has assigned him other, though comparable quarters as to size, term and rent, he has, to all intents and purposes, accepted the proffered sublessee in substitution of his original lessee.
To permit a lessor to accept as his own the sublessee tendered and continue to hold his original lessee, would be to condone a subterfuge and permit unjust enrichment.
The remand should be for the purpose of inquiring into the character of the lease with the sublessee, as to space, term and rent, in order to determine whether the lessor, in fact, accepted the tendered sublessee under substantially the terms of the original lease. If so, he has accepted him as the original lessee's sublessee.
*628 CHASEZ, Judge (dissenting).
The plaintiff herein, Cameron B. Gamble, leased certain premises in the City of New Orleans from the defendant, New Orleans Housing Mart, Inc. The lease between the parties, although not in the record, contained the following clause:
"Lessee is not permitted to rent or sublet or grant use or possession of the premises to any other party without the written consent of the Lessor, and then only in accordance with the terms of this lease. Should Lessee desire to sublet, permission must be obtained in writing through Lessor or Agent and such sublease shall be handled by Lessor's Agent at expense of the herein Lessee."
Plaintiff applied to the defendant for written consent to sublease to one L. J. Roy, and alleges that the defendant refused to permit the sublease, "* * * not because Roy was not acceptable to defendant as a subtenant, but to enable defendant to, and defendant did, lease other space in the New Orleans Housing Mart Building to Roy, thereby acquiring Roy as a tenant while retaining plaintiff as a tenant." Plaintiff contends that this action of the defendant constitutes a breach of the lease which entitles him to a cancellation.
The defendant filed an exception of no cause of action which was sustained by the court and the suit of plaintiff was dismissed.
The judgment of the district court is correct. Article 2725 of the LSA-Civil Code provides:
"The lessee has the right to underlease, or even to cede his lease to another person, unless this power has been expressly interdicted.
"The interdiction may be for the whole, or for a part; and this clause is always construed strictly."
In Owens v. Oglesby, La.App., 123 So. 2d 521, the Court of Appeal of Louisiana, Orleans Parish, said:
"The Supreme Court in interpreting the concluding clause of the codal article has held that the prohibition to sublease is always construed strictly against the lessee. Cordeviolle v. Redon, 4 La.Ann. 40; Henderson v. A. Meyers & Bro., 45 La.Ann. 791, 13 So. 191. Moreover the covenant in the lease against subletting is for the benefit of the landlord because it is regarded as for his interest to determine who shall be a tenant of his property. Montecon v. Faures, 3 La.Ann. 43; Marcuse v. Shapiro, 1 La.App. 135; Bailey v. Allen E. Walker & Co., 53 App.D.C. 307, 290 F. 282, 285."
No provision in the lease requires the lessor to grant to the lessee the right to sublet.
The lessor had the right to accept or decline anyone presented to him as a subtenant. He chose to decline Mr. Roy as a subtenant and withheld the right to sublease from the plaintiff. It is not incumbent upon him to assign any reasons at all for this action and there is nothing in the law or the lease which requires him to give his consent. As stated by the Supreme Court, this clause in the lease is for the sole benefit and protection of the lessor. The fact that he may have leased other premises to Mr. Roy has nothing whatever to do with the matter.
It is apparent that it was to his interest to contract with Mr. Roy on the basis of being a tenant rather than a subtenant and this right is permitted under the law.
For the foregoing reasons, I believe the opinion and concurring opinion of the majority of the court to be erroneous and I respectfully dissent.
Rehearing denied; CHASEZ, J., is of the opinion that the rehearing should be granted.