REGAN, Judge.
The plaintiffs, Paul and Lawrence La Marca, filed this suit against the defendants, Mr. and Mrs. Steve Valenti, in an endeavor to enjoin the defendants from evicting them or in any way interfering with the conduct of their business in the premises located in 321 Bourbon Street in the City of New Orleans.
The defendants answered and requested the dismissal of the plaintiffs’ injunction suit on the ground that the sublease from the defendants to the plaintiffs was invalid. The defendants then reconvened in an endeavor to obtain an injunction against the plaintiffs prohibiting them from conducting their business in the premises.
After a hearing on the respective requests for injunctions, the lower court rendered judgment in favor of the plaintiffs enjoining the defendants from evicting them, from interfering with the conduct of their business in 321 Bourbon Street, and also from interfering with the plaintiffs’ peaceful possession thereof. The lower court then dismissed the defendants’ request for injunctive relief, and also overruled several exceptions filed by them on the day of the trial.[1]
From that judgment in favor of the plaintiffs, the defendants have prosecuted this appeal.
The record discloses that the plaintiffs have operated a night club at 321 Bourbon Street since February of 1963. This establishment, which is known as the Bayou Room, is located in a building designated by municipal numbers 315-321 Bourbon Street; however, the portion thereof involved in this litigation comprises only that part bearing the number 321 Bourbon Street.
The entire building is owned by Edson Tong, Henry Tong and Mrs. Anna C. Tong, who leased it to the defendants. The defendants, together with Joe Valenti,[2] subleased that part now comprising the Bayou Room to the plaintiffs herein.
The original lease from the owners, that is, the Tongs, to the defendants contained a prohibition against subleasing the premises or any portion thereof without the *720 written consent of the owners. It is conceded by all of the litigants that no written consent to the sublease involved herein was ever obtained, and this is the primary ground upon which the defendants rely in their endeavor to annul the sublease.
On February 6, 1963, an agreement was entered into between the Valentis and Paul La Marca,[3] in which the occupancy of the Bayou Room site was transferred to the La Marcas. Approximately one and a half years later, the Valentis sought to terminate that agreement and evict the La Marcas. Litigation ensued, and the document was interpreted by the lower court to be a lease, and not an employment contract as the Valentis had contended. Consequently, on January 10, 1965, the sublease, which forms the subject matter of this litigation, was entered into between Mr. and Mrs. Steve Valenti, Joe Valenti, and Paul and Lawrence La Marca. This new lease provided for the signatures of the members of the Tong family, but none of them ever signed or approved of the sublease.
On the respective dates of July 28, 1967, and August 7, 1967, an attorney representing the Valentis addressed a letter to the plaintiffs demanding their removal from the Bayou Room. Consequently, the plaintiffs instituted this injunction suit in order to protect themselves from an eviction.
The foregoing elucidation discloses that the only question now posed for our consideration is whether the defendants are justified in concluding that their sublease to the plaintiffs is invalid because of the clause in the original lease from the Tong family to the defendants prohibiting the sublease of the property without the consent of the Tongs.
.The applicable law is Article 2725 of the Louisiana Civil Code which reads:
“The lessee has the right to under-lease, or even to cede his lease to another person, unless this power has been expressly interdicted.
“The interdiction may be for the whole, or for a part; and this clause is always construed strictly.”
The rationale of the jurisprudence which has developed in interpreting this provision reveals that a stipulation prohibiting a sublease of property to another individual may only be considered to be for the benefit of the lessor, and only he may invoke it for his advantage. In the respective cases of Moreira v. Hickman[4] and Dominique v. Connell[5] the court reasoned that such a clause is a stipulation for the benefit of the lessor alone, and he may waive it whenever he chooses to do so.[6]
In view of the rationale emanating from the foregoing cases, we are convinced that the sublessors cannot take advantage of such a prohibition contained in this lease, regularly accept payment of the rent from the sublessee, and then at their caprice interpose this stipulation in order to nullify the lease upon which the sublessee had relied. Clearly, only the owner, or original lessor, may take advantage of the stipulation prohibiting subleases without his consent, and his failure to do so may not be used for the benefit of the sublessors in their effort to invalidate the sublease.
For the foregoing reasons, the judgment of the lower court is affirmed. The defendants are to pay all costs of this proceeding.
Affirmed.

. The defendants filed exceptions of prematurity, no right or cause of action, and non-joinder of an indispensable party. However, these exceptions are of no merit and are not before us now.

. He was not designated as a defendant in this suit.

. Also involved was Anthony J. galidino, who is no longer an interested party in this matter.

. Orl. No. 7842 (1920).

. Orl. No. S051 (1920).

. See also Gamble v. New Orleans Housing Mart, Inc., 154 So.2d 625 (1963), writ refused 244 La. 1027, 156 So.2d 229 (1963).