REDMANN, Judge,
concurring.
First, because the lessor no longer has railroad trackage adjacent to the leased *633 land, the lessor can no longer claim that the stipulation that the property be used for “storage space” and for motor truck sales and service and warehouse was for the lessor railroad’s benefit. (Previously, the railroad may have derived added benefit from shipping the motor trucks and parts and other goods to be stored or warehoused.) Accordingly, the railroad should not be heard to complain that the property is being used in violation of the lease. If automobile parking is not “storage” or “warehousing”, the railroad no longer has any proprietary concern in insisting on more traditional storage or warehousing.
Second, the lessor has no right to refuse arbitrarily to consent to a sublease. See Gamble v. New Orleans Housing Mart, Inc., La.App. 4 Cir. 1963, 154 So.2d 625.
Accordingly, on neither ground should the lessor be allowed to terminate the lease.