RICHARD W. FARR *vs.* GEORGE H. KENYON.

PROVIDENCE—JANUARY 29, 1898.

PRESENT : Matteson, C. J., Tillinghast and Rogers, JJ.

The lessor's waiver of the forfeiture of a lease because of a prior breach of its conditions does not excuse the lessee in case of a subsequent breach by him ; in the latter case the lessor may still insist upon the forfeiture.

Permission to use the leased premises for other kinds of business than those specified in the lease cannot be construed as a consent to an underletting of said premises by the lessee.

TRESPASS AND EJECTMENT. Heard on the plaintiff's petition for a new trial.

MATTESON, C. J. This is an action of trespass and ejectment to recover possession of certain leasehold premises because of the breach of a covenant in the lease.

Originally the city of Providence leased certain premises to one William Band. Band subsequently leased a portion of the premises so leased to him to the defendant. The lease from Band to the defendant contains a covenant that the lessee shall not underlet the demised premises or any part thereof without the consent in writing of the lessor, and a condition for a forfeiture of the lease in case of default in the performance of the covenants on the part of the lessee. The lease also stated that the demised premises were to be

used and occupied for the sale of tobacco, cigars, fruit, confectionery and periodicals only, and for no other purpose without the written consent of the lessor first obtained. Band sent to the defendant a letter, of which the following is a copy:

"PROVIDENCE, R. I., Oct. 1st, 1891.

*Doctor George H. Kenyon :—*

DEAR SIR:—Yours of the 30th at hand. I intend to give up my stationery and confectionery departments. I hereby give you permission to use the store No. 15½ Greenwich St. for the sale of stationery and all other goods you think will sell, with the present stock, dry goods, notions, liquors and all intemperance drinks excepted.

Yours truly,

WILLIAM BAND."

The plaintiff succeeded to Band's interest under the lease from the city of Providence in June, 1892. At this time the defendant had underlet portions of the premises to two tenants, without the written assent of Band. The defendant subsequently attorned to the plaintiff. In February, 1897, the defendant underlet a portion of the premises to another tenant without the written consent of the plaintiff, who thereupon, in the latter part of the following month, brought this suit.

At the trial in the Common Pleas Division the jury returned a verdict for the defendant. A number of exceptions were taken by the plaintiff to the rulings of the court, upon which two of the questions raised were argued at the hearing in this Division on the plaintiff's petition for a new trial: 1. Whether the letter, a copy of which is given above, was a consent in writing that the premises might be underlet by the defendant to any person, so long as they were not used for any of the purposes prohibited in the letter, and as such binding on the plaintiff. 2. Whether a waiver of a breach of a covenant against underletting will excuse a subsequent breach of the same covenant.

The letter purports to be merely a license to the defendant to use the premises for other kinds of business than those to which he was restricted by the lease.    It contains no express consent to an underletting, or language from which such consent can be raised by implication.    We think that the first question, therefore, must be answered in the negative.

If it be assumed, as contended in behalf of the defendant, that Band, by reason of his knowledge that the defendant hired the premises for the express purpose of underletting them to Joslin, would have been estopped to claim a forfeiture for the underletting to Joslin, and that the plaintiff, as his successor to the original lease, would have been equally estopped, such estoppel would not extend to a subsequent underletting to another tenant.    It would amount to nothing more than a waiver of a breach of the covenant for that particular letting.    The subsequent underletting would be a new breach of the covenant for which either Band, if the holder of the lease at the time, would have been entitled, or the plaintiff, as his successor in title, would be entitled, to insist upon a forfeiture.    Tay. L. & T. §§ 411, 412, 501.

Exceptions sustained, and case remitted to the Common Pleas Division with direction to enter judgment for the plaintiff for possession and costs.

*Clarence A. Aldrich*, for plaintiff.

*Cyrus M. Van Slyck and Charles C. Mumford*, for defendant.