### BAILEY v. ALLEN E. WALKER & CO., Inc.

(Court of Appeals of District of Columbia. Submitted February 12, 1923. Decided June 4, 1923.)

No. 3856.

1. Landlord and tenant ⚬⟞112(2)—Acceptance of past-due rent by lessor after assignment does not waive assignee's right to forfeit for subletting.

Where premises had been sublet by the tenant, contrary to the lease, while the rent therefor was in arrears, and the lessor thereafter sold the property and assigned the lease to another, the acceptance by the lessor, after the assignment, of the rent due up to the time of the assignment, does not waive the assignee's right to forfeit the lease for the subletting.

⚬⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. **Landlord and tenant ⬡112(2)—Acceptance of past-due rent without knowledge of subletting does not waive right to forfeit.**

A landlord's right to forfeit a lease for the subletting of the premises by the lessee is not waived by his acceptance of past-due rent after the premises were sublet, unless it is shown that he had notice of the violation of the lease when the rent was accepted.

3. **Landlord and tenant ⬡44(2)—Covenants for benefit of either party in relation to land run with it; "covenant running with the land."**

If a covenant in a lease will be for the benefit either of the landlord or tenant, by reason of his relation to the land, it concerns the land, so as to run with it.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Covenant Running with the Land.]

4. **Landlord and tenant ⬡76(1)—Covenant against subletting is for landlord's benefit.**

A covenant against subletting is for the benefit of the landlord, because it is for his interest to determine who shall be a tenant of his property.

5. **Landlord and tenant ⬡76(1)—Covenant against subletting runs with the land.**

A covenant against subletting by the tenant, and giving the landlord a right to terminate the lease for subletting without his consent, runs with the land, so as to be enforceable by an assignee of the land, under Code, § 1234, which gives the assignee the same right of action against the lessee which the assignor might have had.

6. **Landlord and tenant ⬡104—Landlord can enforce provision forfeiting lease for subletting without consent.**

Where a lease not only contained a covenant against subletting by the tenant without the landlord's consent, but expressly provided that, if the covenant was breached, the lessor should have the option to re-enter and take possession of the premises, the landlord is entitled to enforce that plain provision of the lease in the event of such a breach, notwithstanding the tendency of the courts to protect the rights of tenants, and to construe covenants as independent, rather than as dependent.

Writ of Error to the Municipal Court of the District of Columbia.

Suit by Allan E. Walker & Co., Inc., against Joseph W. Bailey. From a judgment awarding recovery of the premises to the plaintiff, defendant brings error. Affirmed.

M. M. Doyle and John H. Burnett, both of Washington, D. C., for plaintiff in error.

John Lewis Smith, James B. Archer, and G. L. Munter, all of Washington, D. C., for defendant in error.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

BARBER, Acting Associate Justice. August 21, 1917, the Southern Realty Corporation, called the party of the first part, and Joseph W. Bailey, the party of the second part, entered into a written lease under seal, by the terms of which certain office rooms in the Southern Building, in this city, were leased to Bailey for the term of five years, commencing on the 1st day of July, 1917, for a yearly rental of $2,400, payable in monthly installments of $200 in advance, the first payment to be made the 1st day of July, 1917, and a like sum on the 1st day of

each month thereafter, with a provision for renewal for two years at the same rental. Among other things the lease contained the following:

"And the party of the second part covenants that he will not sublet the said premises, without the consent in writing of said party of the first part; * * * that he will pay the rent as above stated, * * * and that he will surrender the same at the expiration of his tenancy in good order, ordinary wear and tear and damage by the elements excepted. And it is further agreed that, if any installment of the rent hereinbefore reserved be not paid at the time agreed upon, although no demand shall have been made for the same, or if any of the covenants herein contained be not performed according to their full tenor and effect, then and in either of said events the tenancy created by this lease shall forever cease and determine, at the option of the party of the first part, and the party of the first part may re-enter upon said premises and repossess the same, and avail himself of the remedies provided by law regulating proceedings between landlord and tenant, without notice to the party of the second part, all notice in such case being hereby expressly waived by the party of the second part. And it is further agreed that no waiver of one breach of any covenant herein shall be construed to be a waiver of the covenant itself, or of any subsequent breach thereof."

Bailey paid the rent prior to January 1, 1921. On or about July 9, 1921, he paid the Southern Realty Corporation for six months' rent ending June 30, 1921. On July 1, 1921, before this payment was made, the Southern Realty Corporation sold and conveyed to Walker & Co., Inc., the Southern Building and assigned to it Bailey's lease. About March 4, 1921, Bailey sublet the property covered by his lease to Tumulty, who immediately took possession under an agreement to pay, and who thereafter paid, $200 per month to Bailey for the rental of the property. This subletting was under an agreement between Bailey and Tumulty that the former might return and occupy the offices any time he desired to resume the practice of law in Washington. The Southern Realty Corporation did not consent in writing to such subletting.

December 20, 1921, Walker & Company, Inc., brought its suit in the municipal court of the District for the restitution of the leased premises, and upon trial that court entered judgment for the recovery thereof. The case comes to this court by writ of error. We may refer to Bailey as appellant, and to Walker & Co., Inc., as appellee.

Section 1234 of the District Code, in substance, is like St. 32 Hen. VIII, c. 34, and gives to the grantee or assignee of the reversion of any leased premises the same right of action against the lessee, etc., which the grantor or assignor might have had. Before proceeding to consider the issues, it may be noted that there is no claim that there has been tendered to appellee, or that it has received, any rent from either appellant or Tumulty, or that it has recognized the tenancy of the latter, or in any way, since it acquired title, waived any breach of any covenant in the lease, or that at the time it took title it knew of the prior subletting by Bailey to Tumulty.

The assignments of error raise some questions as to the admissibility of evidence, but in view of the effect of the judgment below, and the presumptions attendant thereupon, we think they are without merit.

[1] The appellant contends that the Southern Realty Corporation

waived the subletting, and that therefore the appellee took its title subject thereto. There is nothing in the evidence received, or in that offered and excluded, tending to show any such waiver prior to July 1, 1921, and we agree with the court below that from the acceptance of rent by the Southern Realty Corporation after July 1, 1921, no waiver could arise that affected the rights of the appellee in this proceeding.

[2] By accepting rent in arrears, the waiver of a prior breach occasioned by subletting only arises when the lessor is aware of such subletting. 1 Wood's Landlord & Tenant, p. 711, § 320. The record here is barren of evidence tending to establish that fact, so far as the Southern Realty Corporation is concerned, and the court below evidently so found.

[3] Appellant contends that a covenant in a lease not to sublet does not run with the land, and hence that the appellee here is barred from enforcing the same. The question of what covenants run with the land has been considered in a great number of cases, as well as by text-book writers. In L. R. A. 1915C, 216, note, it is said, in substance, that no precise rule has been enumerated for determining what covenants run with the land; that if a covenant in a lease will be for the benefit either of the landlord or tenant, by reason of his relation to the land, it concerns it so as to run.

[4] There can be no question, and the authorities are ample on this subject, that a covenant against subletting is for the benefit of the landlord, because it is regarded as for his interest to determine who shall be a tenant of his property.

[5] In 1 Taylor's Landlord & Tenant, p. 489, § 413, it is said that, while it was once thought that such a covenant did not run with the land, this notion, which did not distinguish between a covenant and a condition, had been exploded—citing Weatherall v. Geering, 12 Ves. 511; Paul v. Nurse, 8 B. & C., 486; Williams v. Earle, 9 B. & S. 740. In the last-cited case, decided in 1868, the court upon careful consideration held that such a covenant did run with the land. This subject is also considered under the title of Landlord and Tenant in 24 Cyc. See page 926. See, also, Cordeviolle v. Redon, 4 La. Ann. 40; Roberts v. McPherson, 62 N. J. Law, 165, 40 Atl. 630.

[6] The appellant cites with confidence many cases upon this proposition, but we think he fails to note the distinction between the covenants in the lease here and the covenants in many of the cases to which he refers. We have not examined them all. It will be noted in this case that not only does Bailey covenant not to sublet, but he distinctly agrees that in the event thereof the tenancy created by the lease shall determine at the option of the lessor, which, as we have seen, includes the appellee, who may re-enter upon said premises and repossess the same, etc. There is a marked difference between a lease which simply covenants against a subletting and one which, in addition, contains a provision for re-entry in event thereof like the one just recited.

In 2 Wood's Landlord & Tenant, p. 1192, § 503, speaking of the right to enter or eject under a lease, it is said that the landlord cannot exercise such rights, unless the lease contains an express provision for re-entry in case of a breach, and all the cases we have examined make

the same distinction. See In re Pennewell, 119 Fed. 139, 142, 55 C. C. A. 571; Den ex dem. Bockover v. Post, 25 N. J. Law, 285, 24 Cyc. 921.

While the courts have been jealous to protect the rights of tenants, and have been inclined to construe covenants as independent, rather than dependent, yet there is no authority, so far as we know, that deprives the lessor, or those standing in his shoes, of a right of re-entry in event of a breach of a plain provision of a lease, if the lease clearly gives him that right, in the event of such breach.

We think it was intended by this lease that one of the conditions under which appellant might remain as a tenant thereunder of the demised premises was that he should not sublet the same. He has deliberately breached this condition, and, having failed to show a waiver thereof on the part of the appellee, is no longer entitled to remain as a tenant under the lease. 24 Cyc. 920; Kew v. Trainor, 150 Ill. 150, 37 N. E. 223; Denecke v. Miller, 142 Iowa, 486, 119 N. W. 380, 19 Ann. Cas. 949; Collins v. Hasbrouck, 56 N. Y. 157, 15 Am. Rep. 407; Taylor on Landlord & Tenant, § 278; Farr v. Kenyon, 20 R. I. 376, 39 Atl. 241.

The judgment below is affirmed, with costs.