## SHIPLEY v. AMERICAN SECURITY & TRUST CO.

(Court of Appeals of District of Columbia. Submitted December 6, 1923.
Decided March 3, 1924.)

### No. 3964.

Landlord and tenant ⬾278½, New, vol. 11A Key-No. Series—Tenant subletting in violation of lease may be dispossessed, Ball Rent Act not applying.

Where a tenant sublet his apartment in violation of a provision of the lease, he became a tenant at sufferance, liable to be dispossessed on notice, as tenant, by surrendering possession, waived his right as a tenant under Ball Rent Act, as amended by Act May 22, 1922, providing that a tenant shall not be evicted or dispossessed so long as he pays the rent and performs the other terms and conditions of the tenancy.

Error to the Municipal Court of the District of Columbia.

Proceeding by the American Security & Trust Company against Henry M. Shipley. Judgment for the first-named party, and the last-named party brings error. Affirmed.

Milton Strasburger and Samuel Rappaport, both of Washington, D. C., for plaintiff in error.

C. F. R. Ogilby, S. C. Peelle, and J. F. Barnard, all of Washington, D. C., for defendant in error.

Before ROBB and VAN ORSDEL, Associate Justices, and BARBER, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. For several years plaintiff in error had leased of the defendant in error an apartment under yearly leases, the last of which was to expire on or about September 30, 1922. The premises actually were occupied by a subtenant, although there was a covenant in the lease against subletting. Defendant in error duly served on plaintiff in error a 30-day notice to vacate the premises.

At the trial plaintiff in error contended that the provision against subletting had been waived, and that under the terms of the Ball Rent Act, as amended (42 Stat. 543), defendant in error was not entitled to possession as against him. The court, finding "that during the entire period of the lease the premises were occupied by subtenants," ruled that plaintiff in error was not in a position to invoke the provisions of the Ball Rent Act, and that as against him the judgment must be for defendant in error.

Unless the provisions of the Ball Rent Act, as amended, apply, plaintiff in error, at the expiration of his lease, became a tenant at sufferance, liable to be dispossessed under a notice served upon him. Morse v. Brainerd, 42 App. D. C. 448. But plaintiff in error, who had assumed the rôle of landlord and surrendered possession to another, was not a tenant within the meaning of that act, section 109a of which provides:

"And such tenant shall not be evicted or dispossessed so long as he pays the rent and performs the other terms and conditions of the tenancy," etc.

⬾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Just as two bodies may not occupy the same space at the same time, so two independent tenants may not occupy the same premises at the same time. When plaintiff in error surrendered possession, he waived his right as a tenant in possession under the Ball Rent Act, the spirit and purpose of which was the protection of an actual tenant in possession, and not that of a middleman, like the plaintiff in error. That this must be so is apparent, when we consider the relative rights of plaintiff in error and the tenant actually in possession. The provisions of the act protected such tenant as against plaintiff in error. In other words, he was entitled to possession so long as he paid his rent and performed the other conditions of his agreement with plaintiff in error.

We agree, therefore, with the ruling of the trial court that plaintiff in error is not entitled to invoke the provisions of the Ball Rent Act. Accordingly, the judgment is affirmed, with costs.

Affirmed.