## THEUNISSEN et al. v. HUYLER'S, Inc.

Court of Appeals of District of Columbia.

Submitted March 8, 1928. Decided April 2, 1928.

No. 4618.

1. Landlord and tenant ⟋⟍37—Lease is construed most strongly in favor of lessee.

In case of lease or other written instrument of grant, document is to be construed most strongly in favor of grantee or lessee.

2. Landlord and tenant ⟋⟍76(1)—Lease providing lessee should not assign without lessor's consent nor sublet for any "objectionable" purpose held to permit subletting, providing purpose was not "objectionable" in legal sense.

Lease requiring that lessee shall not assign without lessor's written consent, nor sublet for "any purpose which might be deemed objectionable," held to permit subletting without lessor's consent, providing purpose was not "objectionable" in legal sense, which means "deserving of disapproval, offensive, or reprehensible" rather than "unlawful" or one which is nuisance per se.

3. Landlord and tenant ⟋⟍76(1)—Under lease prohibiting subletting for objectionable purpose, lessor cannot object to subletting on ground subtenant's business constituted competition with tenant next door.

Under lease prohibiting subletting for any purpose which might be deemed objectionable, lessors cannot object to subletting on ground that subtenant's business would constitute competition with another tenant occupying premises immediately next door.

In Error to the Municipal Court.

Action by John Leonard Theunissen and another against Huyler's, Inc. Judgment for defendant, and plaintiffs bring error. Affirmed.

C. W. Darr, W. J. Lambert, and G. D. Horning, Jr., all of Washington, D. C., for plaintiffs in error.

G. W. Offutt and R. H. Snyder, both of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Writ of error to the municipal court of the District. The plaintiffs in error as landlords sought restitution of the possession of premises leased to the defendant in error, and the court below directed a verdict for the defendant in error. The parties hereinafter will be designated as plaintiffs and defendants.

On October 1, 1918, plaintiffs leased to the defendant premises No. 1784 Columbia Road Northwest, for a period of nine years, with an option, which was exercised, to renew for a further period of ten years. The lease contained the following provisions: "And further that they (the lessee) will not use the said premises for an unlawful purpose but will occupy the same as a confectionery store and will not assign this lease without the written consent of the parties of the first part (the lessors) had and obtained, nor sublet the same for any purpose which might be deemed objectionable. * * * And, further, that no gasoline will be kept or allowed on said premises. * * * *"

The premises in question are part of a building consisting of three stores on the ground floor facing Columbia road; the two upper stories being occupied as apartments. Immediately adjoining the premises leased, the plaintiffs conduct a pastry and confectionery business.

Subsequent to the execution of the lease to defendant, plaintiffs leased one of the two remaining stores, No. 1788 Columbia road, to Philip I. Shaffer, whose business, according to the record, "consists of making, repairing, storing, cleaning and relining furs," also "the renovation of animal heads." Shaffer's written lease having expired, he is now a tenant at sufferance. In his original lease there was a provision "that the plaintiffs would not lease any other store in the premises to a competitive business."

Defendant on February 3, 1927, sublet the storeroom of premises No. 1784 to Footer's Dye Works, Incorporated. In the lease, among other things, it is provided: "And further that the party of the second part (Footer's Dye Works) will not use the said premises for any unlawful purpose, and that it will not use the same for any purpose which might be deemed objectionable. * * * And, further, the party of the second part covenants that no gasoline will be kept or allowed on said premises during said term." Footer's Dye Works went into possession, and since has used the premises as a receiving station for dyeing and cleaning clothing and furs; no work being done on the premises. No gasoline has ever been kept there.

[1, 2] It is the contention of plaintiffs that the proper interpretation of the provision in the lease relating to subletting "would make it read, 'Nor sublet the same for any purpose which might be deemed objectionable' to the lessors." In other words, plaintiffs contend that their consent is a prerequisite to a subletting by the defendant, and that it is exclusively for them to say wheth-

er of not the purpose for which the premises are to be used is objectionable.

Plaintiffs concede that "it has long been settled law that in the case of a lease or other written instrument of grant, the document is to be construed most strongly in favor of the grantee or lessee," and such is the law. Nicolopole v. Love, 39 App. D. C. 343. Applying this principle of construction to an analysis of the provision in question, we think it apparent that the parties intended to distinguish between an assigning and a subletting of the lease. Knowing that the defendant was a responsible tenant, plaintiffs were unwilling to accept through assignment of the lease another tenant unless that tenant should be equally satisfactory; hence the provision that defendant was not to assign without the written consent of the plaintiff. Having provided against an assignment without the written consent of plaintiffs, the clause, "nor sublet the same for any purpose which might be objectionable," was added. Had the parties intended to clothe the plaintiffs with the same discretion with reference to subletting, the words plaintiffs' counsel now add to the provision, namely, "to the lessors," would have been added. But they were not added, and the court ought not to supply them, and thereby do violence to the intent of the parties as actually expressed in the lease.

In our view, this clause means that defendant might sublet the premises without the consent of the plaintiffs, providing the purpose for which the premises were to be used might not be deemed objectionable in a legal sense. By this we do not mean the use must be an unlawful one, but rather such a use as in the circumstances is "deserving of disapproval, offensive, or reprehensible." Standard Dictionary. While a garage is not per se a nuisance, undoubtedly its maintenance in such a location might reasonably be deemed objectionable; so, too, an all night lunchroom, and perhaps other legitimate businesses of such a character as to constitute a real annoyance to other tenants. [3] But plaintiffs' objection to the business of Footer's Dye Works is not that it is inherently obnoxious, but rather that it will constitute competition with another tenant occupying "the premises immediately next door." Had plaintiffs reserved the right to determine for themselves whether the premises should be sublet, this might have constituted grounds for withholding consent. As the lease was written, it does not, for Footer's business is even less objectionable than that of Shaffer.

It results that the judgment below was right, and it is accordingly affirmed, with costs.

Affirmed.