**WESTCHESTER APARTMENTS,**
**Inc., v. KEROES.**

**No. 85.**

Municipal Court of Appeals for the District of Columbia.

July 13, 1943.

John D. Fitzgerald and Walter C. English, both of Washington, D. C., for appellant.

Simon Hirshman, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

In 1932, Westchester Apartments Inc., leased an apartment to Dr. William Keroes. The lease expired in December, 1933 and he continued in possession without a new lease, until he died in August, 1941. His widow, who is appellee here, continued as tenant under an informal verbal agreement and continued to pay the stipulated monthly rental. (For convenience the parties will be referred to as landlord and tenant).

In September, 1941, having obtained verbal permission to sublease the apartment in its furnished state, tenant entered into a lease at a higher rental with one Mac-Keachie which was to run to October 1, 1942. After about seven months Mac-Keachie vacated. Just before that time (on May 14, 1942) landlord wrote to tenant, called attention to the fact that Mac-Keachie was planning to vacate, that it was unwilling to agree to continued subleasing, and called upon tenant to resume her residence in the apartment or surrender possession. Nevertheless it did somewhat later agree to a sublease to one Brown. On August 4, 1942, having learned that three gentlemen other than—or in addition to—Brown were occupying the apartment, landlord again demanded in writing that tenant reoccupy the apartment or surrender possession. Tenant appealed to landlord, by letter, that she be permitted to continue the sublease to Brown until the end of the year, frankly stating that she needed the extra income for certain personal requirements. On August 12, landlord replied, pointing out that Brown was ap-

parently not occupying the apartment and objecting to the fact that two or three other gentlemen were there. But the letter concluded: "Since it is now late in the year, we are willing to permit the present occupancy of the apartment through December, 1942. We will require surrender of the premises to us as of January 1, 1943, and therefore, suggest that you advise the occupants of the apartment on December 1, 1942 that you are removing your possessions at the end of that month."

Brown, or those who occupied the apartment with him, continued in possession up to the time of filing and hearing of the landlord-tenant suit.

On December 7, 1942, landlord served upon tenant a thirty-day notice to quit and followed said notice by this possessory action on January 12, 1943. Upon the showing above recited the trial judge ordered a finding for defendant.

█ Since appellee held the apartment under a verbal hiring by the month she was a tenant at sufferance.[1] Prior to the enactment of the District of Columbia Emergency Rent Act[2] the landlord could have evicted her at any time[3] and without any reason, simply by serving upon her a thirty-day notice to quit and following it with a possessory action. The Rent Act however restricted landlord's right and protected her from eviction except upon one of the four grounds specified in Section 5(b) of said act. One of those grounds, and the one on which landlord relies, permits an action to be brought when "the tenant is violating an obligation of his tenancy". Landlord claims that the subletting constituted such a violation.

But it is clear from the record that both subleases were with the express consent of the landlord. It is also clear that after it had knowledge that persons in addition to the second sublessee were occupying the apartment, the landlord expressly consented that the sublease continue to its expiration date.

These repeated consents, coupled with the acceptance of rent throughout the remaining period of the sublease leave no doubt that plaintiff had no right to demand possession because of anything that had occurred prior to January 1, 1943.

█ Since the notice to quit was served three weeks before that time, it was premature. Such notices have no anticipatory effect to reach future violations.

Affirmed.

---

[1] Code 1940, 45—820.

[2] Code 1940, 45—1601 et seq.

[3] Code 1940, 45—904; Boss v. Hagan, 49 App.D.C. 106, 261 F. 254, 8 A.L.R. 1508.