**KEROES v. WESTCHESTER APART-
MENTS, Inc.**

No. 165.

Municipal Court of Appeals for the
District of Columbia.

Feb. 28, 1944.

Simon Hirshman, of Washington, D. C.,
for appellant.

John D. Fitzgerald, of Washington, D.
C. (Walter C. English, of Washington, D.
C., on the brief), for appellee.

Before RICHARDSON, Chief Judge,
and CAYTON and HOOD, Associate
Judges.

HOOD, Associate Judge.

This is the second appeal arising from a
controversy between the parties as to the
right to possession of an apartment. The
facts, as disclosed by our opinion in the
former appeal,[1] are that the apartment was
originally rented under a written lease by
appellant's husband; that after the expira-
tion of the written lease he and appellant
continued to occupy the apartment until
his death in August, 1941; that thereafter
appellant remained in possession under a
verbal agreement and in September, 1941,
with consent of the landlord, subleased the
furnished apartment to one MacKeachie;
that the landlord, learning that Mac-
Keachie was to vacate, informed appellant
it was no longer willing for her to sublease
the apartment, but nevertheless appellant
did sublease to one Brown; that after
some correspondence appellee consented
to Brown remaining in the apartment
through December, 1942, but demanded
that the apartment be surrendered as of
January 1, 1943; that Brown, or those
who occupied the apartment with him, con-
tinued in possession after January 1, 1943,

---

[1] Westchester Apartments, Inc. v. Keroes, D.C.Mun.App., 32 A.2d 869.

and on January 12, 1943 appellee sued for possession. We held that since appellee had consented to Brown's occupancy through December, there could be no violation of the tenancy prior to January 1, 1943, and consequently, notice to quit served December 7, 1942, was premature. Accordingly we affirmed the judgment in favor of the present appellant.

Our decision in the prior appeal was handed down July 13, 1943, and on July 30, 1943 the landlord gave appellant thirty days' notice to quit. Possession was not surrendered and the present action followed. The landlord obtained judgment for possession.

In addition to the facts brought out at the prior trial, it developed in the present case that although the sublease by appellant was to Brown, the apartment has been occupied chiefly by one Comer and his wife; that Brown is chairman of the board of directors of a corporation, of which Comer is an official; that Comer represents the corporation in its business with the government and that is the occasion for his living in Washington, and he is reimbursed by the corporation for rent of the apartment; that Comer receives business mail and telephone calls at the apartment and when other officials of the corporation, including Mr. Brown, are in town they also live in the apartment.

Appellant pays $150 a month rent and she receives $250 a month for the furnished apartment.

Appellant's tenancy was a verbal hiring by the month and by virtue of Code section 45—820 is deemed an estate at sufferance. There is no testimony that the oral agreement creating the tenancy contained a restriction against subletting. Appellant, therefore, takes the position she had the right to sublet without consent of appellee, and subletting by her was not a violation of her tenancy; and hence asserts appellee has not brought itself within any of the exceptions of section 5(b) of the District of Columbia Emergency Rent Act[2] permitting recovery of possession of housing accommodations by a landlord.

We may take it as settled in this jurisdiction that, in the absence of restrictions, a tenant under a lease for a definite term may sublet the premises. This rule was impliedly recognized in Bailey v. Allen E. Walker & Co., Inc., 53 App.D.C. 307, 290 F. 282; Merritt v. Kay, 54 App. D.C. 152, 295 F. 973, and Theunissen v. Huyler's, Inc., 58 App.D.C. 106, 25 F.2d 530, 61 A.L.R. 706. As a result, it is customary to insert in leases covenants against assigning or subletting except with the consent of the landlord. Such a covenant is for the benefit of the landlord, "because it is regarded as for his interest to determine who shall be a tenant of his property."[3] Otherwise, a landlord may have his property in the possession of tenants not of his choosing. But where the tenant has no definite term but only an estate deemed one at sufferance by the Code and therefore subject to termination by the landlord (or tenant) at any time on thirty days' notice,[4] the necessity for a restriction against subletting does not arise. In such a situation, if a tenant sublets contrary to the landlord's wishes, the landlord may take immediate steps to terminate the tenancy.

Partly for this reason many authorities hold that a tenancy at will, being determinable at any time, cannot be assigned or sublet by the tenant.[5] Appellant's tenancy though deemed one at sufferance by the Code is not an estate at sufferance within the strict meaning of the common law term,[6] but is more in the nature of an estate from month to month or an estate at will. Whatever its exact nature, at its creation and until the Rent Act became effective it was determinable at any time.

Therefore, appellant's argument that since the oral agreement contained no restriction against subletting, she had a right to sublet, means little; because the landlord had an effective means of promptly putting to an end any subletting the tenant might attempt.

So long as appellant remained in possession, paying rent, passage of the Emergency Rent Act resulted in depriving the landlord of its right to terminate the tenancy at any time, and limited its right to the causes set forth in section 5 (b). Did the Act go further, and, while limiting the landlord's right to regain possession, give

2 Code, 1940, 45—1605.

3 Bailey v. Allen E. Walker & Co., Inc., supra [53 App.D.C. 307, 290 F. 285].

4 Code, 1940, 45—904.

5 Annotation 23 A.L.R. 135, 145.

6 Hampton v. Mott Motors, Inc., D.C. Mun.App., 32 A.2d 247.

to the tenant the right to sublet the premises against the consent of the landlord—a right which, from a practical standpoint, the tenant did not have prior to the Act? In an earlier case we held that where the written lease contained a restriction against assigning and subletting, even though the term fixed by the lease had expired, the restriction carried over and a tenant who sublet the entire premises was subject to eviction.[7] There we said that "we cannot approve the action of a tenant who in violation of the terms of his tenancy removes himself from his landlord's property and places it completely in charge of persons who are not in privity with the lessor, and whom the lessor has had no opportunity to accept or reject. A tenant may not usurp the power of his landlord, substitute another person for himself, yield possession to him and create such a new and unauthorized tenancy. The Rent Act protects actual tenants and not mere middlemen."

Here the tenant has not, in the strict sense, violated the terms of her lease, for she has no lease, but she has done that which she could not have done under her verbal hiring. She has surrendered possession of the premises to a third party against the will of the landlord. She has attempted to enlarge the estate she has in the premises. The Rent Act prolonged her right to possession but did not give her new rights which she could sell to third persons.

█ When appellant removed herself from the premises and put possession in another—a thing not contemplated by her original hiring—she substantially "violated an obligation of his (her) tenancy" within the meaning of section 5 (b) of the Emergency Rent Act.

This case is not one of an attempt by the landlord to arbitrarily evict the tenant. So long as the tenant actually occupied the apartment the landlord made no move to disturb her possession. When she sought permission to sublet to MacKeachie for a period of a year the landlord consented. When MacKeachie moved, the landlord advised appellant it was no longer willing for her to sublease and called upon her to resume occupancy or surrender possession. At her urging the landlord consented to a sublease to Brown for the remainder of the year 1942. When the landlord learned that others besides Brown were in the apartment, it again demanded that she resume possession or surrender the apartment. Again, at her urging and upon representation of her need for the income she was receiving from the sublease, the landlord withdrew its demand and consented that the Brown lease continue through its specified period to December 31, 1942, but told appellant it would require possession at that time. When that time arrived appellant neither surrendered possession nor resumed occupancy. She is not now asking the court to protect her possession or right to occupancy but, in reality, she seeks protection of the Rent Act solely for her financial advantage.

█ The purpose of the Rent Act was to protect the tenant's possession and not to give to the tenant the means of an effective subletting which the tenant did not previously have. Any other conclusion would lead to the absurd and unreasonable result that a series of unwanted and even undesirable tenants could be thrust upon the landlord so long as the Rent Act is effective. If appellant can sublet, then her tenant can sublet, and so on without end, at least so far as concerns appellee. We think no such result was intended by the Emergency Rent Act.

Affirmed.

---

[7] Hall v. Henry J. Robb, Incorporated, D.C.Mun.App., 32 A.2d 707, 709.