**THOMPSON v. GRAY et al.**

**No. 447.**

Municipal Court of Appeals for the
District of Columbia.

Dec. 16, 1946.

Eugene E. Ditto, of Washington, D. C., for appellant.

Leonard S. Melrod, of Washington, D. C. (Lubar, O'Keefe, Friedlander & Melrod, of Washington, D. C., on the brief), for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant sued for possession of dwelling property which he had leased to appellees in 1941 under an oral agreement for an indefinite term at an agreed monthly rental. From a judgment in favor of the tenants, this appeal was taken.

Possession was sought on the ground that the tenants were violating an obligation of their tenancy. District of Columbia Emergency Rent Act, section 5(b) (1), Code 1940, 45—1605(b) (1).

The uncontradicted evidence was that when the premises were rented the landlord understood that the entire premises were to be occupied by a daughter of the tenants; that in 1942 the landlord learned that the tenants had never occupied the premises but had divided them into apartments, had furnished the apartments and were subletting them; that with this knowledge the landlord continued to accept the monthly rent in

3 Code 1940, 11—730.

advance. The present subtenants had been in possession for more than a year.

Appellant's contention is that the tenancy being one by sufferance (Code 1940, 45—820) the tenants had no right to sublet and the subletting constituted a violation of an obligation of the tenancy. Our decision in Keroes v. Westchester Apartments, Inc., D.C.Mun.App., 36 A.2d 263, is cited in support of this contention. There we held that the Emergency Rent Act did not give a tenant by sufferance power to sublet contrary to the landlord's expressed will; but we did not hold that the landlord's right in this respect could not be waived. Even an express restriction against subletting in a written lease may be waived by the landlord accepting rent in advance with knowledge of a subletting. Merritt v. Kay, 54 App.D.C. 152, 295 F. 973; Walsh v. Cooper, D.C.Mun.App. 31 A.2d 883; Washington Realty Co. v. Harding, D.C.Mun.App., 45 A.2d 785.

Here the landlord's own testimony was that for four years, with full knowledge of the subletting, he continued to accept monthly rent in advance and, as far as the record discloses, without making any protest regarding the subletting. This evidence amply supported—perhaps even compelled—the trial court's finding that the landlord had waived his right to claim that the subletting constituted a violation of an obligation of the tenancy.

Affirmed.