**SIMMONS v. WEINSOFF et al.**

**No. 597.**

Municipal Court of Appeals for the District of Columbia.

April 20, 1948.

B. T. Sanders, of Washington, D. C., for appellant.

James T. Barbour, Jr. and Joseph M. Dawson, both of Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

This case comes to us on an agreed statement, for determination as to whether a tenant had sublet a dwelling house in violation of a written rental agreement. The important facts on which the landlords relied to support their charge of subletting were these: Defendant had been in possession of the house in suit for some five years, under a written agreement which prohibited subletting in whole or in part; defendant told a witness for plaintiffs that she was living at another house; defendant had for more than a year rented out two rooms to a man and his daughter and collected rent from them weekly.

For the defendant the testimony was that she had been in possession of the house since about 1940 and had always had her mother and sister there, as well as several roomers; that about 1944 she made a down payment on another house in the same neighborhood and now had seven relatives and two roomers in the new home; that she had been dividing her time between the two places; that she had never removed any furniture from the house in suit; that she herself had never moved away from the house but is there daily, and occasionally stays there all night with her mother; that she supports her mother who pays her no rent; that her sister's husband pays rent with some deductions for cleaning performed by her sister; that she has access to all rooms and that all occupants of the house use the same kitchen and bathroom; that she had made repairs on the house as required by her rental agreement.

There was also some evidence tending to show waiver of or acquiescence in the alleged subletting. This we shall not discuss because we are clear in our view that there

was no subletting and that it was error for the trial judge to award possession to the plaintiffs.

The landlords in this case rely on Hall v. Henry J. Robb, Inc., D.C.Mun.App., 32 A.2d 707, 709, in which we said: " * * * we cannot approve the action of a tenant who in violation of the terms of his tenancy removes himself from his landlord's property and places it completely in charge of persons who are not in privity with the lessor, and whom the lessor has had no opportunity to accept or reject. A tenant may not usurp the power of his landlord, substitute another person for himself, yield possession to him and create such a new and unauthorized tenancy." They also rely on Keroes v. Westchester Apartments, Inc., D.C.Mun. App., 36 A.2d 263, where we made a similar ruling.

■ But the law as announced in those two cases does not apply to the facts now before us. Here the tenant did not remove herself (or her personal property) from the premises; she did not place the house in charge of others; she did not substitute another person for herself or yield possession to another, or create a new and unauthorized tenancy. In a word, she was not guilty of subletting. Aside from her immediate family she had permitted no one to live on the premises except two roomers. As we said some time ago in Beall v. Everson, D.C.Mun.App., 34 A.2d 41, taking roomers or lodgers is not a violation of a covenant against subletting.

Reversed for further proceedings in accordance with this opinion.