**STAGECRAFTERS' CLUB, Inc. v. DISTRICT OF COLUMBIA DIVISION OF AMERICAN LEGION.**

Civ. A. 866–52.

United States District Court
District of Columbia.

March 17, 1953.

Mark P. Friedlander, Washington, D. C., for plaintiff.

Wilkes, McGarraghy & Artis, Washington, D. C., for defendant.

KEECH, District Judge.

This was originally an action in ejectment and for damages. At the trial the plaintiff abandoned its claim for damages.

Briefly, the facts are as follows: Under date of August 28, 1950, the plaintiff, Stagecrafters' Club, Inc., a so-called "after hours club," leased premises 433 Third Street, N. W., for a term of ten years from the owner, Washington Housing Corporation, a Maryland corporation. The lessee covenanted that it would not use the premises or permit them to be used for any disorderly or unlawful purpose, and the lease provided that it might be forfeited, at the option of the lessor, for breach of any covenant by the

lessee.[1] The lease further provided that the lessee should have an option to purchase the property if after August 31, 1955, the lessor should receive a bona fide offer for the sale of the premises.

On May 1 and 2, 1951, the plaintiff, Stagecrafters' Club, Inc., its president, and its manager, were convicted in the Municipal Court of the District of Columbia of selling liquor on the leased premises without the license required by § 25–109 of the District of Columbia Code, 1940 ed. When the lessor, Washington Housing Corporation, learned of the conviction it contacted representatives of the plaintiff concerning the breach of the lease by use of the premises for an unlawful purpose. The plaintiff's representatives informed the lessor that the conviction was being appealed and convinced the lessor that there was a good chance that the conviction would be reversed. Thereupon, the lessor informed the plaintiff specifically that it was not waiving the breach of the lease, but would permit the plaintiff to remain in possession of the premises pending the final outcome of the criminal prosecutions.

On December 20, 1951, the property was padlocked by the Collector of Taxes of the District of Columbia in connection with the District's lien for taxes. When the lessor learned of this, it investigated and found there was no heat in the building. The lessor then requested the plaintiff to take care of the situation, and upon its failure to do so, the lessor received the key from the District of Columbia and turned it over to the defendant, which had acquired an option to purchase the property, for the purpose of custodial care of the premises. The plaintiff has not been in possession of the premises since they were padlocked.

Under date of January 2, 1952, the Deputy Collector of Internal Revenue notified the lessor, Washington Housing Corporation, that by virtue of warrants for distraint for federal taxes in the amount of $4,381.96 owed by the plaintiff, Stagecrafters' Club, Inc., he had levied on the lease agreement between plaintiff and Washington Housing Corporation as personal property, and that it would be offered for sale at public auction. The plaintiff's interest in the lease was sold at public auction on January 22, 1952, to the defendant, District of Columbia Division of the American Legion, for the amount of taxes due, plus penalties and interest. Although representatives of the plaintiff were present at the sale, the defendant's bid was the only one made.

On February 11, 1952, the defendant purchased the property in fee simple from the Washington Housing Corporation.

On June 17, 1952, the convictions of plaintiff and its president and manager were affirmed by the Municipal Court of Appeals of the District of Columbia.[2]

The plaintiff filed this suit against the American Legion on February 27, 1952, claiming the right to possession of the premises under the lease of August 28, 1950. Plaintiff contends, first, that the lease is still in full force and effect, and second, that the sale of the leasehold interest under 26 U.S.C.A. § 3690 was void.

Plaintiff argues that there was no forfeiture of the lease because the lessor waived the breach of the covenant not to use the premises for an unlawful purpose. While it is generally true that the lessor's acceptance of rent accruing after knowledge of a breach of covenant constitutes

---

1. "* * * if the lessee or its assigns shall fail or neglect to keep and perform each and every of the covenants * * * herein contained and on the part of the said lessee to be kept and performed, or if the same or any of them shall be broken, then and in each and every such case from thenceforth and at all times thereafter, at the option of the lessor or its assigns, the lessee's right of possession shall thereupon end and determine, and the lessor or its assigns shall be entitled to the possession of said leased premises, and to re-enter the same without demand of rent or demand of possession of the said premises, and may forthwith proceed to recover possession of the said leased premises by process of law, any notice to quit or of intention to exercise said option, or to re-enter the same being hereby expressly waived by the lessee * * *."

2. Stagecrafters' Club, Inc., v. District of Columbia, D.C.Mun.App., 89 A.2d 876.

waiver of that breach,[3] the principle is inapplicable here. The acceptance of the rent by Washington Housing Corporation after plaintiff's conviction did not constitute conduct signifying an intention to affirm the lease despite the breach, since the lessor specifically reserved its right to declare a forfeiture if the conviction were affirmed on appeal. No rent was accepted after it was finally determined by the Municipal Court of Appeals' affirmance of the convictions that the covenant had been breached. The lessor should not be penalized for leniency toward the lessee in postponing the forfeiture for unlawful use until termination of the criminal prosecution of the lessee.

Thus, any right of the plaintiff under the lease had been forfeited prior to the sale of its leasehold interest to the defendant.

■ Since the plaintiff was not in possession of the premises after December 20, 1951, when they were padlocked by the District of Columbia, there was no need for formal proceedings by the lessor to dispossess the plaintiff.

■ The argument that the sale of the. leasehold interest as a "chattel" under 26 U.S.C.A. § 3690 was invalid because the interest was real property, is without merit. It is well settled in the District of Columbia that a leasehold interest in land for a term of years is personal property and subject to execution as such. This was true under the

common law,[4] which has been enacted as § 45–804 of the District of Columbia Code. This statute exempts estates at will or by sufferance from sale under execution, but provides no such exemption as to estates for years, which are declared to be chattels real.

■ The leasehold interest being a chattel within the meaning of 26 U.S.C.A. § 3690 and the Deputy Commissioner of Internal Revenue having complied with all the procedural provisions of the statute, I find that the sale was valid.

■■ Plaintiff further contends that the defendant could not acquire plaintiff's leasehold interest through the tax sale because the lease contained a covenant against assignment without the consent of the lessor, and because the lease granted the plaintiff an option to purchase. As to the provision requiring the lessor's approval of any assignment of the lease, although such approval is not necessary where a leasehold interest passes by operation of law,[5] the lessor in fact approved the defendant's purchase of plaintiff's leasehold interest. As to the plaintiff's option to purchase, the plaintiff lost all rights under the lease, including the option, through the forfeiture.

For the foregoing reasons, the plaintiff's complaint will be dismissed. Counsel will prepare and submit promptly appropriate findings of fact, conclusions of law, and order.

3. Dermott v. Wallach, 1 Wall. 61, 68 U.S. 61, 17 L.Ed. 680; Bailey v. Walker & Co., 53 App.D.C. 307, 290 F. 282; Merritt v. Kay, 54 App.D.C. 152, 295 F. 973.

4. Freeman v. Dawson, 110 U.S. 264, 270, 4 S.Ct. 94, 28 L.Ed. 141; Bean v. Reynolds, 15 App.D.C. 125, 130; Rowe v. Colpoys, 78 U.S.App.D.C. 75, 137 F.2d 249, 148 A.L.R. 488.

5. Gazley v. Williams, 210 U.S. 41, 28 S.Ct. 687, 52 L.Ed. 950; Second Realty Corporation v. Fiore, D.C.Mun.App., 65 A. 2d 926.