STAGECRAFTERS' CLUB, Inc.

v.

DISTRICT OF COLUMBIA DIVISION OF AMERICAN LEGION.

No. 11783.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 6, 1954.

Decided April 15, 1954.

Petition for Rehearing Denied May 5, 1954.

See also 111 F.Supp. 127.

Mr. Mark P. Friedlander, Washington, D. C., for appellant.

Mr. James E. Artis, Washington, D. C., with whom Mr. Harvey H. Holland, Jr., Washington, D. C., was on the brief, for appellee.

Messrs. Ellis N. Slack, A. F. Prescott, Jr., and Harry Marselli, Sp. Assts. to, Atty. Gen., Dept. of Justice, filed a brief

on behalf of the United States of America, as amicus curiae, urging affirmance.

Before PRETTYMAN, WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court dismissing appellant's complaint in an action for ejectment. Stagecrafters' Club v. District of Columbia Division of American Legion, D.C., 110 F.Supp. 481 (1953).

Appellant contends that its leasehold interest was not subject to distraint for unpaid taxes under Section 3690 of the Internal Revenue Code. 26 U.S.C. § 3690. This contention is without merit. The statutory term "goods, chattels, or effects" is broad enough, in this jurisdiction at least, to include the interest of a lessee for a term of years. See D.C. Code, § 45-804 (1951); opinion of Judge Keech, 110 F.Supp. at page 483. Cf. Cannon v. Nicholas, 10 Cir., 1935, 80 F.2d 934, 936; Kyle v. McGuirk, 3 Cir., 1936, 82 F.2d 212. Appellant offered no proof in the District Court that the Collector of Internal Revenue did not follow the procedure for distraint and sale set out in Section 3693 of the Code.[1] 26 U.S.C. § 3693. Accordingly, the certificate of sale received by the appellee transferred to the latter the appellant's interest in the lease, under Section 3697 of the Code. 26 U.S.C. § 3697. The appellant thus has no basis for a suit in ejectment.[2]

The remaining contentions of the appellant, to the effect that there was no sufficient proof that appellant had violated the terms of the lease and that in any event the landlord had waived any breach of the lease, need not be considered in view of our holding on the points mentioned above.

The judgment of the District Court will accordingly be

Affirmed.

---

1. Even if, contrary to its status at common law and under our Code, a leasehold for years were to be regarded as real property, the instant distraint is valid. Section 3700 authorizes the distraint of real estate under certain conditions. 26 U.S.C. § 3700. The record affords no basis for saying that these conditions were lacking, or that the distraint proceedings here did not comply substantially with Section 3701 of the Code. 26 U.S.C. § 3701. If they did substantially comply, the deed of conveyance given to appellee transferred all of appellant's right in the real estate under Section 3704(c) (2) of the Code. 26 U.S.C. § 3704(c) (2). So far as the record shows, notice of the sale of the lease was given to Stagecrafters and to the public as required by that section. The lease was sold in the District of Columbia at public auction, not earlier than 20 days from the giving of notice, to the highest and only bidder for the amount of the taxes due. Representatives of appellant were present at the sale. It has made no attempt to redeem its former property (assuming it to be realty) within the year allowed for that purpose by Section 3702(b). 26 U.S.C. § 3702(b).

2. Appellant does not here press the argument made in the District Court that its lease interest could not be distrained and sold because the lease granted it an option to purchase the property. Appellant does suggest that the lease did not grant any right on the part of the tenant to assign or sublease without the permission of the landlord. As to this, we agree with Judge Keech. See 110 F. Supp. at page 483.