**KARSH et al. v. LYON et al.**

**No. 1473.**

Municipal Court of Appeals for the District of Columbia.

Argued April 19, 1954.

Decided May 26, 1954.

Eugene L. Goodridge, with whom Milton M. Burke, Washington, D. C., was on the brief, for appellants.

Harry I. Rand, Washington, D. C., for appellees Henry Noon and Bessie Noon.

David G. Bress, Washington, D. C., with whom Richard K. Lyon, Washington, D. C., was on the brief, for appellee Minnie K. Lyon.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Mrs. Lyon owned certain commercial property which she leased, with a restriction against assignment without her consent, to Henry and Bessie Noon. The Noons conducted a grocery store on the premises and before expiration of the lease sold the business to Karsh and Millstein. The contract of sale was conditioned on assignment of the lease with consent of Mrs. Lyon. To accomplish this result the Noons executed an assignment of the lease but expressly agreed that such assignment would not re-

lieve them from liability under the lease. Karsh and Millstein in writing accepted the assignment and agreed "to be bound by all the terms and conditions" of the lease. Mrs. Lyon then gave her written consent "in accordance with the terms stated in the foregoing assignment * * * and in accordance with the terms stated in the foregoing acceptance of such assignment."

Eight months before expiration of the lease Karsh and Millstein vacated the premises. This action was brought by Mrs. Lyon for rent accrued after the premises became vacant. She sued the Noons and also Karsh and Millstein. The Noons in effect admitted liability, but they cross-claimed against Karsh and Millstein for any amount found against them. The trial court awarded judgment in favor of Mrs. Lyon against all defendants and awarded judgment in favor of the Noons for a like amount against Karsh and Millstein. The latter have appealed.

The contention of appellants is that they were mere assignees of the lease, that their liability to pay rent to Mrs. Lyon rested strictly on privity of estate, that privity of estate ceased when they vacated, and that therefore they had no liability to Mrs. Lyon for rent accrued after they had vacated.

That appellant's abandonment of the premises did not relieve them from further liability for rent could be affirmed on the strength of our opinion in Diatz v. Washington Technical School, D.C.Mun.App., 73 A.2d 227, rehearing denied, 73 A.2d 718, affirmed, Sobel v. Diatz, 88 U.S.App.D.C. 329, 189 F.2d 26, wherein we held that abandonment or surrender by the assignee without the consent of the lessor does not relieve the assignee of liability for rent for the remainder of the term.[1] However, appellants' liability need not be based on privity of estate. Appellants in accepting the assignment bound themselves by the terms and conditions of the lease and in consideration thereof Mrs. Lyon consented to the as-

signment. There was not only privity of estate between the lessor and assignees, but also privity of contract. Under such circumstances it is clear that the assignees' liability continues for the duration of the term. 51 C.J.S., Landlord and Tenant, § 44, 32 Am.Jur., Landlord and Tenant, § 380. Appellants argue that there was no consideration for their agreement to be bound by the terms of the lease, but the consent of Mrs. Lyon to the assignment, which she was not bound to give, was sufficient consideration.

Our conclusion is that the assignees assumed the obligations of the lessees, that both assignees and lessees were liable to the lessor, and that the assignees are bound to indemnify the lessees for their liability to the lessor occasioned by the assignees' default.

Affirmed.

---

1. It may be noted that Judge Fahy's dissent in the Diatz case in the United States Court of Appeals was on the ground that privity of estate had ceased by reason of the lessor's re-entry and renting to another. Those factors do not exist in this case.