876 F.2d 1008
 278 U.S.App.D.C. 130
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
CLAY PROPERTIES, INC., a District of Columbia Corporation, Appellee,
v.
Jerry D. MASSIE, et al., Appellant.
 No. 88-7246.
 United States Court of Appeals, District of Columbia Circuit.
 June 21, 1989.
Rehearing Denied Sept. 6, 1989.
 
 Before MIKVA and STEPHEN F. WILLIAMS, Circuit Judges, and HUBERT L. WILL,* Senior District Judge.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The issues have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir. Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the district court order filed September 12, 1988 finding in favor of the appellee in the amount of $42,268.75 be vacated and that the case be remanded to the district court on the issue of damages.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 Appellants Jerry and Kathy Massie appeal from a district court order filed September 12, 1988, that adjudged Clay Properties, Inc. entitled to recover $42,268.75 from the Massies. That amount represents rent pursuant to a lease between Clay Properties and Emanuel and Thelma Parker that was assigned by the Parkers to the Massies; late charges as provided by the lease; the balance and interest due on a promissory note made by the Massies in favor of the Parkers and sold by the Parkers to Clay; and attorney fees as provided by the note. We remand on the question of what damages are owed.
 
 
 5
 Appellants' claim that the assignment of the lease was invalid because the lease expressly required prior written consent from the landlord is without merit. Clay Properties could and did waive compliance with this provision by ratifying the assignment and accepting rent from appellants. See Thompson v. Gray, 50 A.2d 594, 595 (D.C.1946).
 
 
 6
 Equally unavailing is appellants' claim that the continuing obligations of the assignors under the lease somehow undercut their own obligations. Under D.C. law, when an assignee assumes the terms of a lease while the assignors remain liable and there is a default, the landlord can sue the assignees or the assignors or both. Karsh v. Lyon, 105 A.2d 252, 253 (D.C.1954). The Massies did assume and agree to be responsible for the Parkers' lease and therefore come within the rule of Karsh v. Lyon.
 
 
 7
 Appellants' claim that the promissory note was not properly endorsed to Clay Properties, Inc. was dismissed by the court below on the ground that credible testimony established that the corporation's name had been interlineated in full compliance with applicable law. See D.C.Code Ann. Sec. 28:3-115(1) (1981). We are always disinclined to overturn the credibility determinations of a trial court and the evidence appellants offer--a patently inaccurate response to a pretrial interrogatory--fails to undermine the district court assessment at issue here.
 
 
 8
 There are, however, some remaining concerns that do or could affect a proper damages calculation. First, the district court's calculation contains an arithmetical error of $1000 in favor of appellee. The rent arrearage and late penalties total $16,750, not $17,750 as found by the court.
 
 
 9
 Second, the evidence before the district court suggests that some or all of the rent payments found to be in arrears may have already been paid by the assignors of the lease, the Parkers. A letter from Emanuel Parker to Ozzie Clay, dated April 30, 1986, indicates that Parker agreed to sell the Massies' promissory note and the attendant security agreement to Clay in return for a $5000 note from Clay and a release from any obligation on the lease. Testimony establishes that the notes were exchanged and the release executed. If the Massies' note (including the value of the collateral) was worth more than Clay paid for it, the difference may have been consideration for Clay's discharging the Parkers' obligations under the lease and may have discharged the Massies' obligations to the same extent. Although both the Parkers and the Massies were liable for the rent due, Clay Properties is only entitled to collect the rent once. See generally Restatement (Second) of Contracts Secs. 293-95 (1981); Knight v. Cheek, 369 A.2d 601, 603 (D.C.1977) (similar rule against double recovery in guaranty context). This in no way disturbs the district court's finding that Clay Properties is entitled to collect the face value of the note from the Massies. The question which the district court must consider on remand is whether, and to what extent, collection on the note and collection of rent due would amount to collection of double rent.
 
 
 10
 Third, the evidence before the district court indicates that Clay used the premises for his own business purposes for some period of time. On remand, the district court can consider whether this use constituted an acceptance of the Massies' surrender of the premises, and if so, whether any reduction in the damages assessment is due. The district court's order is therefore vacated and the case remanded for reconsideration of the amount of damages to which Clay Properties, Inc. is entitled.
 
 
 
 *
 The Honorable Hubert L. Will, of the United States District Court for the Northern District of Illinois, sitting by designation pursuant to 28 U.S.C. Sec. 294(d) (1982)